### AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Appellant,

v.

### Amy L. DESCAMPS and Brandi R. DesCamps, Respondents.

#### No. WD 58817.

Missouri Court of Appeals, Western District.

June 19, 2001.

M. Courtney Koger, Kansas City, for Appellant.

Richard Brent Hankins, Kansas City, for Respondent.

RONALD R. HOLLIGER, Judge.

Appellant American Family Mutual Insurance Company ("American Family") appeals the partial denial of a motion for summary judgment filed in a declaratory judgment action seeking a finding that the insurance company was released from its duties to indemnify and defend the insured after the company had paid the full limits of the policy into the court registry in an interpleader action joined with the declaratory judgment action. The trial court granted American Family's motion with regard to the issue of the insurance company's duty to indemnify the insured, but denied its motion with regard to the duty to defend the insured.

A brief recitation of the salient facts will be useful in our review of the decision below. Respondent Brandi DesCamps ("Brandi") was the driver of a vehicle involved in an automobile accident with a vehicle driven by co-respondent Carla Speakman. There were several passengers in Brandi's vehicle: Amy DesCamps, Sherry DesCamps, Georgia DesCamps, Jacob DesCamps and Patrick Cochran. Sherry DesCamps was also pregnant at the time, and the fetus died as a result of the accident. Each of these latter individuals are also respondents in this action, claiming injuries arising from the accident.

Brandi's vehicle was insured under a policy issued by appellant American Fami-

ly Mutual Insurance Company ("American Family") to the vehicle's owner, Christian Atlakson. The insurance contract contained this provision regarding American Family's duties to indemnify Brandi and to defend her against claims made against her:

> We will pay compensatory damages an **insured person** is legally liable for because of **bodily injury** and **property damage** due to the **use** of a **car** or **utility trailer**.
>
> We will defend any suit or settle any claim for damages under this policy as **we** think proper.
>
> HOWEVER, **WE WILL NOT DEFEND ANY SUIT AFTER OUR LIMIT OF LIABILITY HAS BEEN PAID.**

(emphasis in original). The insurance contract also stated that it would pay a maximum amount of $50,000 per person, not to exceed $100,000 per occurrence.

American Family proceeded to defend Brandi in a separate civil action filed against her in Jackson County Circuit Court. American Family was apparently unable to settle the claims raised by the various claimants, however. The insurance company then proceeded to file a separate interpleader action, seeking permission to pay the policy limits of $100,000 into the court registry, for later division among the competing claimants. American Family also included in its petition a second count seeking declaratory relief, stating that it no longer had any further duty to indemnify Brandi or defend any claims against her arising out of the accident. The circuit court granted the interpleader, and American Family paid $100,000 into the court registry in December 1999.

After paying those funds into court, American Family filed a motion for summary judgment on its declaratory judgment claim. Brandi requested and received an extension of time to respond to that summary judgment motion, but no response was filed by her. Rather, Brandi's counsel wrote to the circuit judge stating that he had no objection to the entry of summary judgment in the matter. On June 2, 2000, the American Family's motion for summary judgment was sustained in part and denied in part. The trial court held that American Family was released from its duty to indemnify the insured. The court, however, denied American Family's request that it be released from its duty to defend the insured. Instead, the circuit court held that American Family was still obligated to provide a defense to the insured regarding the pending claims brought against her concerning the accident. This court notes in passing that the trial court, apparently due to clerical error, incorrectly identified respondent Amy DesCamps as the insured. As is made clear in the record, the actual insured in this matter is Brandi DesCamps, the driver of the vehicle, and the individual against whom the other respondents' claims have been filed.

■ American Family appeals the trial court's partial denial of its motion for summary judgment, contending that it should have been released from its duty to defend after payment of its policy limits into the court. As a general rule, the denial of a motion for summary judgment is not a final appealable order. *Betts–Lucas v. Hanson,* 31 S.W.3d 484, 485 (Mo.App.2000). Here, the trial court attempted to denominate its judgment as a final appealable order under Rule 74.01(b). Nevertheless, the denial of a motion for summary judgment is unappealable even after entry of a final judgment. *L.C. Dev. Co., Inc., v. Lincoln County,* 26 S.W.3d 336, 338 (Mo.App.2000). We, therefore, cannot reach the merits of American Fami-

ly's claims that it should have been released from its duty to defend the insured.

▪ We note, however, that the summary judgment appears to grant relief in favor of the insured (mistakenly identified as Amy DesCamps), directing American Family to continue to defend her against claims arising out of the accident. That summary judgment does not purport to be a final judgment upon the merits of American Family's declaratory judgment claim. Nor was there a cross-motion for summary judgment filed by the insured or any response regarding the merits of American Family's motion. Thus, to the extent that the summary judgment appears to grant judgment in favor of the insured, a nonmovant, it exceeded the trial court's jurisdiction. *Betts–Lucas*, 31 S.W.3d at 485–86.

Thus, we reverse those portions of the trial court's summary judgment of June 2, 2000, granting judgment on behalf of the insured (incorrectly identified as Amy Descamps) and ordering American Family to continue to provide the insured with a defense, as that issue cannot be resolved until the final disposition of the merits of American Family's declaratory judgment action. The case is therefore remanded for further proceedings consistent with this opinion.

THOMAS H. NEWTON, Presiding Judge, and JOSEPH M. ELLIS, Judge, concur.