**Wayman SMITH, III, et al., Respondents,**

v.

**The STATE of Missouri, et al., Appellants.**

No. SC 83806.

Supreme Court of Missouri, En Banc.

Dec. 18, 2001.

Jeremiah W. (Jay) Nixon, Atty. Gen., Robert L. Presson, Asst. Atty. Gen., Jefferson City, Erwin O. Switzer, III, St. Louis, for appellants.

Thomas J. Ray, City Counselor, Edward J. Hanlon, Deputy City Counselor, Michael Stelzer, St. Louis, for respondents.

RONNIE L. WHITE, Judge.

Respondents, who include commissioners of the St. Louis Board of Police ("Board") and St. Louis police officers, brought this action seeking a declaration that the State is required to defend them and to pay judgments against them in lawsuits where they are sued for actions taken in the course of their duties as officials or employees of the police board. The trial court declared that the Board is a state agency and that its members and the police officers it supervises are entitled to State Legal Expense Fund ("LEF") coverage.[1] This Court granted transfer after opinion by the court of appeals, to resolve whether the Board is covered by the LEF. On examination of the record, however, no final judgment, within the meaning of Rule 74.01, has been entered below. This appeal is therefore premature, and dismissal is required.

Plaintiffs' petition requested that the court declare: 1) that the LEF statutes apply to the Board, its commissioners and employees, and to particular, pending lawsuits in which plaintiffs have been named as defendants; 2) that the Attorney General is required to defend lawsuits against the Board, its commissioners and employees, including the pending lawsuits identified in the petition; 3) that the State is required to pay from the LEF any judgments arising out of lawsuits filed against the Board, its commis-

sioners and employees, including the pending lawsuits identified in the petition; and 4) that the plaintiffs are entitled to "recover the costs expended and a sum representing the reasonable value of legal services provided by retained counsel in the defense of each of the lawsuits specifically mentioned" in the petition. Defendants denied that the LEF statues applied to the Board and its employees as a general matter and, in the alternative, claimed that even if such coverage was generally present, some of the particular suits referenced in the petition fell outside that coverage.

Defendants moved for summary judgment based on their primary rationale that the Board was not a state agency within the meaning of the LEF statutes, and its commissioners and employees were therefore not entitled to LEF coverage under any circumstances. Plaintiffs cross-moved for "Partial Summary Judgment" on the limited issue raised in defendants' motion, specifically reserving for later proceedings the question of whether the particular lawsuits identified in the pleadings were covered. The court, however, not only granted plaintiffs' motion for partial summary judgment on the "state agency" question but also, for reasons not set forth in its findings of fact and conclusions of law, declared that plaintiffs were entitled to defense by the Attorney General and State payment of judgments in each of the lawsuits identified in the petition.

Missouri appellate courts lack jurisdiction over attempted appeals from orders that fail to dispose of all claims as to all parties:[2]

In all appeals, this Court is required to examine its jurisdiction *sua sponte*. A

1. *See* secs. 105.711–105.726, RSMo 2000.

2. Except, of course, where the trial court has certified a determination for immediate appeal pursuant to Rule 74.01(b).

prerequisite to appellate review is that there be a final judgment. If there is no final judgment, this Court lacks jurisdiction and must dismiss the appeal. A judgment is final only if it leaves nothing for future determination. If an intended judgment does not dispose of all issues and all parties in the case or does not form a final disposition of the matter, it is not a final, appealable judgment and we have no jurisdiction to entertain an attempted appeal therefrom.[3]

The fact that the trial court granted summary judgment on issues not raised in the summary judgment motions may raise jurisdictional questions, since it has been suggested that the grant of summary judgment in the absence of a motion requesting that relief is beyond the jurisdiction of the trial court.[4] The immediate jurisdictional difficulty, however, is that the decision below does not address at all plaintiffs' claim that they are entitled to reimbursement of legal fees and other costs incurred in retaining counsel to represent them in cases where the Attorney General has refused the tendered defense. Because the determination below neither disposed of all issues raised in the petition nor was certified for immediate appeal pursuant to Rule 74.01(b), it was not an appealable judgment, and this Court has no jurisdiction over the appeal.

The appeal is dismissed.

All Concur.

**3.** *In re: Marriage of Werths,* 33 S.W.3d 541, 542 (Mo. banc 2000) (per curiam) (internal citations omitted).

**4.** *See American Family Mut. Ins. Co. v. Des-Camps,* 48 S.W.3d 105, 108 (Mo.App.2001).