**Wayman SMITH, III, et al., Respondents,**

v.

**STATE of Missouri, et al., Appellants.**

**No. SC 86050.**

Supreme Court of Missouri, En Banc.

Jan. 11, 2005.

Jeremiah W. (Jay) Nixon, Atty. Gen., Robert L. Presson, Asst. Atty. Gen., Jefferson City, MO, for Appellants.

Patricia A. Hageman, Edward J. Hanlon, St. Louis, MO, for Respondents.

STEPHEN N. LIMBAUGH, JR., Judge.

Respondents, who are members of the St. Louis Board of Police Commissioners, and certain named officers of the St. Louis Police Department[1] filed a declaratory judgment action against the State of Missouri, the Attorney General, the Commissioner of Administration and the State Treasurer alleging that respondents are entitled to coverage under the State Legal Expense Fund ("SLEF"), sec. 105.711 et seq., RSMo 2000. The SLEF provides for representation by the Attorney General and reimbursement for monies expended in defending certain lawsuits and for satisfaction of judgments or settlements pertaining to those lawsuits. This Court previously heard an appeal of this case in *Wayman Smith v. State of Missouri*, 63 S.W.3d 218 (Mo. banc 2001), but the appeal was dismissed for the reason that the trial court's grant of summary judgment in favor of respondents did not dispose of all the claims, and, as such, there was not a final and appealable judgment. On remand, the trial court granted respondents' amended motion for summary judgment. The judgment was then appealed to the Court of Appeals, Western District, and after opinion, this Court granted transfer, Mo. Const. art. V, sec. 10. The judgment is affirmed.

■ The petition alleged that the respondents have been named as defendants in various lawsuits arising out of actions that they had taken in their capacities either as members of the Board or as police officers and that the attorney general had refused to represent them in these actions. In granting summary judgment in favor of respondents, the trial court held that the SLEF applies to the St. Louis Police Board and to the St. Louis police officers with the result that 1) the attorney general is required to provide a defense to those parties when they are named as defendants in lawsuits arising out of actions taken in their official capacity under section 105.716.1(2); and 2) the state treasurer and the commissioner of administration are required to pay any judgment that might result from such lawsuits under section 105.711.4. Applying these holdings to the facts of the case, the trial court then ordered that the respondents are to be reimbursed by the SLEF in the amount of $35,065.35 for settlement amounts, costs, and attorneys fees related to the lawsuits specified in the petition. Because the facts are not in dispute, and the only issues are matters of law, appellate review is *de novo*. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371 (Mo. banc 1993).

The SLEF provides coverage for lawsuits brought against:

(1) The state of Missouri, or *any agency of the state*, pursuant to section 536.050 or 536.087 or section 537.600 RSMo;

(2) Any *officer or employee of* the state of Missouri or *any agency of the state*, including, *without limitation*,

---

1. The Board members named as plaintiffs in the petition are Wayman Smith, Jeffrey Jamieson, Edward Roth, Clarence Harmon, and Leslie Bond, M.D.; and the officers named as plaintiffs are Sergeant Jim Ousley, Lieutenant Art Ruehl, and Officers Antwan Boyd, Bryan Vickers, Thomas Scanlon, Amy Sprout, James Long, James Joyner, Joseph Crews, Joseph Morici, Joseph Speiss, and William March.

elected officials, appointees, members of state boards or commissions and members of the Missouri national guard upon conduct of such officer or employee arising out of and performed in connection with his or her official duties on behalf of the state, or any agency of the state,
. . .

Sec. 105.711.2(1)-(2) (emphasis added).

■ The statutory framework governing the St. Louis Police Board, sec. 84.010 et seq., RSMo 2000, leads this Court to the conclusion that the Board is indeed an "agency of the state," as that term is used in section 105.711.2(1), as opposed to a local or municipal agency. The members of the Board, other than the mayor of St. Louis ex-officio, are appointed by the governor with the advice and consent of the senate, and they receive their commissions from the governor. Sec. 84.030. It is also the governor who is authorized by statute to remove any commissioner for misconduct in office. Sec. 84.080. In addition, the general assembly has imposed upon the Board numerous requirements pertaining to the Board's duty to establish and employ a "permanent police force," sec. 84.100, including those that establish the qualifications of police officers, sec. 84.120, the number of police officers of each rank that the Board may employ, sec. 84.150, and the maximum amount that officers of each rank can be paid, sec. 84.160. Further, the Board is required to make its records available for inspection by the general assembly or any committee thereof. Sec. 84.250. In all these respects, the Police Board is answerable to the state rather than the City.

In fact, the general assembly has expressly prohibited the City of St. Louis and its officials from presuming to exercise authority or control over the Board or the Police Department. In particular, section 84.010 states in pertinent part:

[N]o ordinances heretofore passed, or that may hereafter be passed, by the common council or municipal assembly of the cities, shall, in any manner, conflict or interfere with the powers or the exercise of the powers of the boards of police commissioners of the cities as created by section 84.020, nor shall the cities or any officer or agent of the corporation of the cities, or the mayor thereof, in any manner impede, obstruct, hinder or interfere with the boards of police or any officer, or agent or servant thereof or thereunder, except in any case of emergency. . . .

Furthermore, any City official or employee who does so is subject to a fine of $1,000 and is disqualified from holding an office or employment. Sec. 84.220.

The conclusion that the Police Board is a state agency is further supported by more than a century of case law that has consistently recognized the Board as such, albeit in contexts different than the SLEF. Shortly following the 1861 enactment of the statute creating the Police Board, 1861 Mo. Laws 466–67, this Court declared, "[T]he Police Commissioners are an agency of the State Government, and required to perform within a specific locality some of the most important duties of the government." *State ex rel. Police Commissioners of City of St. Louis v. County Court of St. Louis County,* 34 Mo. 546, 571 (1864). This Court later expanded on that idea, stating:

[T]he protection of life, liberty, and property, and the preservation of the public peace and order, in every part, division, and subdivision of the State, is a governmental duty, which devolves upon the state, and not upon its municipalities, and further than the state, in its sovereignty, may see fit to impose upon or delegate it to the municipalities . . . From this duty, existing in the very

nature of the state government, flows the corresponding power to impose upon municipalities of its own creation a police force of its own creation, and to compel its support out of the municipal funds ... [I]t is almost universally conceded that police boards and metropolitan police forces are state officers, and fall clearly within legislative control. *State ex rel. Hawes v. Mason,* 153 Mo. 23, 54 S.W. 524, 529 (1899).

More recent cases are in accord. In *State ex rel. Sayad v. Zych,* 642 S.W.2d 907 (Mo. banc 1982), this Court held that the Board is a "state agency" as that term is used in the Hancock Amendment, article X, section 21, of the Missouri Constitution. The Court's rationale was that the state has the power to compel the City to fund a police force, that under section 84.210, the state has delegated that power to the Board, and that in doing so, the Board performs a "state function." *Id.* at 910. In *State ex rel. Sanders v. Cervantes,* 480 S.W.2d 888, 891 (Mo. banc 1972), this Court characterized certain decisions of the Police Board as "the acts of any public official or administrative agency of this state," in determining that those decisions are subject to judicial review. Also, in *Slater v. City of St. Louis,* 548 S.W.2d 590, 592–93 (Mo.App.1977), a pay dispute brought by members of the City-controlled security force at St. Louis Lambert Field, the Court of Appeals distinguished between the authority of the City over the airport security force, which is a matter of local concern, and the authority of the state to maintain control over the Police Department, which is a matter of state concern.

■ Although the status of the Board as an agency of the state under the SLEF is based on a structural analysis of the statutes creating the Board and analogies to case law holding that the Board is an agency of the state in other contexts, the police officers' status as "officers of the state" is set out expressly in section 84.330, which states:

The members of the police force of [St. Louis], organized and appointed by the police commissioners of said cities, are hereby declared to be officers of the said cities under the charter and ordinances thereof, *and also to be officers of the state of Missouri,* and shall be so deemed and taken in all courts having jurisdiction of offenses against the laws of this state or the ordinances of said cities.

(Emphasis added). Nonetheless, appellants rely on *Cates v. Webster,* 727 S.W.2d 901 (Mo. banc 1987), for the proposition that officers and employees who work for state agencies but who are paid by a county or municipality are not state employees for purposes of the SLEF. *Cates* held, in particular, that a circuit court bailiff was not covered by the SLEF because he was paid by the county, despite the fact that he was hired by and served at the pleasure of the circuit judges and that his sole job was to assist the judges in the performance of their state responsibilities. *Id.* at 905–07. Although the *Cates* Court rejected a "control" test in favor of a "payment" test, in this case, the outcome is dictated instead by the express language of the statute: St. Louis police officers are both officers of the City and officers of the state. As officers of the state, they are covered by the SLEF. Sec. 105.711.2(2).

■ In a separate point, appellants argue that the monetary relief awarded against the state violated the doctrine of sovereign immunity because the state has not waived its immunity. They focus on sec. 105.726, which provides: "Nothing in sections 105.711 to 105.726 shall be construed to broaden the liability of the state of Missouri beyond the provision of sec-

tions 537.600 to 537.610, RSMo, [pertaining to waiver of sovereign immunity in tort cases] nor to abolish or waive any defense at law which might otherwise be available to any agency, officer, or employee of the state of Missouri." As this Court understands this point, a claim for damages under the SLEF is not a tort claim for which sovereign immunity has been waived. This point, however, overlooks the fact that sec. 105.711 applies to lawsuits brought against any officer or employee "arising out of and performed in connection with his or her official duties on behalf of the state, or any agency of the state"—broad language that necessarily operates to waive sovereign immunity. The point has no merit.

For the foregoing reasons, the judgment is affirmed.

WOLFF, STITH and RUSSELL, JJ., concur.

WHITE, C.J., concurs in separate opinion filed.

TEITELMAN, J., concurs in opinion of WHITE, C.J.

PRICE, J., concurs in separate opinion filed.

WOLFF and RUSSELL, JJ., concur in opinion of PRICE, J.

RONNIE L. WHITE, Chief Justice, concurring.

I concur in the principal opinion. I write separately only to object to the *obi-*

*ter dicta* suggestions offered to the legislature by our respected colleague, Judge Price, in his concurrence. There is no question that the courts are the final arbiters of the law and that the judiciary may not shirk their duty to interpret the law.[1] Coupled with this noble pursuit, however, is the unqualified need and long-standing tradition of exercising judicial restraint and avoiding the political thicket to serve the public interest of "allowing the political process to function free from judicial supervision."[2]

Appellate courts lack jurisdiction to issue advisory opinions on matters of law that are not part of a live case or controversy and do not decide nonexistent issues.[3] "Courts having a proper respect for the constitutional divisions of state power cannot invade the province of another coequal branch of the government."[4] "It is not the Court's province to question the wisdom, social desirability or economic policy underlying a statute as these are matters for the legislature's determination."[5]

WILLIAM RAY PRICE, JR., Judge, concurring.

I agree with the statutory construction set out in the majority opinion. There can be no serious doubt that the St. Louis Board of Police Commissioners is an agency of the State of Missouri. As such, the

1. *Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803).

2. *Colegrove v. Green* 328 U.S. 549, 556, 66 S.Ct. 1198, 90 L.Ed. 1432 (1946); *O'Brien v. Brown,* 409 U.S. 1, 5, 92 S.Ct. 2718, 34 L.Ed.2d 1 (1972); *State ex rel. Holland v. Moran,* 865 S.W.2d 827, 832 (Mo.App.1993).

3. *Riverside–Quindaro Bend Levee Dist., Platte County, Missouri v. Missouri American Water*

*Co.,* 117 S.W.3d 140, 153 (Mo.App.2003); *State ex rel. Mathewson v. Board of Election Com'rs of St. Louis County,* 841 S.W.2d 633, 635 (Mo. banc 1992).

4. *Lutman v. American Shoe Mach. Co.* 151 S.W.2d 701, 708 (Mo.App.1941)(overruled on other grounds).

5. *Greenlee v. Dukes Plastering Service,* 75 S.W.3d 273, 277 (Mo. banc 2002).

literal interpretation of the State Legal Expense Fund (SLEF), as established in section 105.711 et seq., RSMo 2000, provides coverage. Nonetheless, section 105.711 is somewhat at odds with the spirit of chapter 84, particularly section 84.210, RSMo 2000, which requires the City of St. Louis to pay the expenses of the Board of Police Commissioners and the St. Louis Police Department.

This Court cannot rule on the basis of speculation, especially in the face of the literal language of a statute. Should the general assembly find the result of this case undesirable, it might simply except either the St. Louis Police Department or the St. Louis Board of Police Commissioners, or both, from coverage by the SLEF and provide that this expense should be paid by the City of St. Louis. Alternatively, of course, should the general assembly find that the result of this case is precisely what it intended, no further action would be necessary.