# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1519

_____

Duane L. Hartman; DLH, Inc.,           *
a Nebraska Corporation, doing business *
as Coaches Sports Bar & Grill,         *
                                       *
        Appellants,                    *
                                       *   Appeal from the United States
            v.                         *   District Court for the
                                       *   District of Nebraska.
Bob Workman, In his individual         *
and official capacity as a member, or  *
former member, of the Board of         *
Commissioners of Lancaster County,     *
Nebraska; Linda Steinman, In her       *
individual and official capacity as a  *
member, or former member, of the       *
Board of Commissioners of Lancaster    *
County, Nebraska; Larry Hudkins,       *
In his individual and official capacity as *
a member, or former member, of the     *
Board of Commissioners of Lancaster    *
County, Nebraska; Bernie Heier, In     *
his individual and official capacity as a *
member, or former member, of the       *
Board of Commissioners of Lancaster    *
County, Nebraska; Kathy Campbell,      *
In her individual and official capacity *
as a member, or former member, of      *
the Board of Commissioners of          *
Lancaster County, Nebraska;            *
Ray Stevens, In his official capacity as *
a current member of the Lancaster      *
County Board of Commissioners;         *

Deb Schorr, In her official capacity as a
current member of the Lancaster
County Board of Commissioners;
Lancaster County, Nebraska,

         Appellees.

         *
         *
         *
         *
         *
         *

_____

Submitted: October 20, 2006
Filed: January 23, 2007

_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

_____

RILEY, Circuit Judge.

Duane L. Hartman and DLH, Inc. (collectively, DLH) filed a complaint against Lancaster County, Nebraska (Lancaster County),[1] alleging general violations of procedural due process and a conspiracy to deprive DLH of property without procedural due process. After a bench trial, the district court[2] entered judgment for Lancaster County. DLH appeals.

---

[1] DLH's causes of action against the current and former members of the Lancaster County Board of Commissioners (Commissioners) in their official capacities are treated as causes of action against Lancaster County. See Thomas v. St. Louis Bd. of Police Comm'rs, 447 F.3d 1082, 1083 n.1 (8th Cir. 2006). The district court dismissed the causes of action against the Commissioners in their individual capacities. Therefore, the real party in interest is Lancaster County. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).

[2] The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

On appeal, DLH argues Lancaster County's actions toward DLH constituted a violation of substantive due process. However, DLH did not allege a substantive due process claim in its Complaint or its Amended Complaint, and did not raise a substantive due process issue in the Order of Final Pre-Trial Conference (Pretrial Order).[3] The Pretrial Order identified procedural due process issues ("[w]as procedural due process afforded to [DLH]") and similar state claims remaining for the court to resolve, including: (1) did DLH possess a property interest for purposes of the Due Process Clause, (2) was DLH afforded a due opportunity to protect its property interest, (3) were the statutory criteria adhered to and adequate, (4) were the Commissioners impartial, and (5) what are DLH's damages. As a result, the district court did not address any substantive due process claim in its Memorandum Opinion.

Ordinarily, we will not consider an argument raised for the first time on appeal. P & O Nedlloyd, Ltd. v. Sanderson Farms, Inc., 462 F.3d 1015, 1019 (8th Cir. 2006) ("We consider a newly raised argument only if it is purely legal and requires no additional factual development, or if a manifest injustice would otherwise result."

---

[3]In relevant part, the Amended Complaint alleged, "[t]he actions of [Lancaster County] . . . constitute a violation of [DLH's] right not to be deprived of property without due process of law under the Fifth and Fourteenth Amendments." Assuming arguendo this language is broad enough to raise a substantive due process claim, DLH waived any substantive due process claim by not including it in the Pretrial Order. The issues identified in the Pretrial Order supersede any issues raised in the Complaint and Amended Complaint. Lane v. Geiger-Berger Assocs., 608 F.2d 1148, 1152-53 (8th Cir. 1979); 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1522 (2d ed. 1990) (saying "the pretrial order is treated as superseding the pleadings and establishing the issues to be considered at trial"); see also United States v. $84,615 in U.S. Currency, 379 F.3d 496, 499 (8th Cir. 2004); In re Control Data Corp. Sec. Litig., 933 F.2d 616, 621 (8th Cir. 1991) ("[The] pre-trial order controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. Consequently, a party may not offer evidence or advance theories which violate the terms of a pre-trial order." (citations and quotations omitted)).

(quoting <u>Orr v. Wal-Mart Stores, Inc.</u>, 297 F.3d 720, 725 (8th Cir. 2002))).  Nothing justifies considering DLH's new argument.

To the extent DLH's appeal could be broadly interpreted to continue its procedural due process claims, we conclude the district court's findings of fact are not clearly erroneous and its final conclusion that DLH failed to establish a deprivation of property sufficient to state a due process claim is sound.  Accordingly, we affirm. <u>See</u> 8th Cir. R. 47B.

_____