# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2248

_____

Michael Jacobson,

        Appellant,

v.

Jon Bruning, in his official capacity
as the Attorney General of Nebraska,

        Appellee.

\* \* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
District of Nebraska.

[UNPUBLISHED]

_____

Submitted: May 27, 2008
Filed: June 16, 2008

_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Michael Jacobson (Jacobson) appeals the district court's[1] dismissal without prejudice of his 42 U.S.C. § 1983 action against Nebraska Attorney General Jon Bruning. Upon de novo review, see Thomas v. St. Louis Bd. of Police Comm'rs, 447 F.3d 1082, 1084-85 (8th Cir. 2006) (noting an appellate court reviews de novo a district court's dismissal based on sovereign immunity), we conclude dismissal was proper because Jacobson's complaint was barred by sovereign immunity. See Will

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (concluding a suit against a state official in his or her official capacity is a suit against the official's office, and as such is no different than a suit against the state itself). Although Jacobson argues on appeal his complaint fell within the Ex parte Young, 209 U.S. 123 (1908), exception to sovereign immunity, we conclude the exception did not apply because Jacobson's suit essentially questioned the state's ownership in and authority to regulate groundwater, and thus implicated special sovereignty interests. See Union Elec. Co. v. Mo. Dep't of Conservation, 366 F.3d 655, 658 (8th Cir. 2004) (explaining that, although a determination of Ex parte Young's applicability does not look to the merits of a claim, courts can ask whether a suit implicates special sovereignty interests making the exception unavailable); Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 281-82, 287 (1997) (stating the Ex parte Young exception was not available in the tribe's suit against the state because the suit was the functional equivalent of a quiet title action, and the tribe sought a determination that certain lands were not within the regulatory jurisdiction of the state; and the requested relief would bar the state's officers from exercising authority over particular lands and waters). Cf. Dept of Rev. of Kentucky v. Davis, 128 S. Ct. 1801, 1810-11, 2008 WL 2078187 (declaring a state may exempt interest on its own municipal bonds from taxation while taxing interest on out of state bonds without violating the Commerce Clause, because "the issuance of debt securities to pay for public projects is a quintessentially public function" of the state. Therefore, "apprehension in . . . unprecedented . . . interference with a traditional government function is just as warranted here, where [respondents] would have us invalidate a century-old taxing practice . . . presently employed by 41 States . . . and affirmatively supported by all of them . . . .") (citations and quotation omitted).

We affirm the judgment of the district court. See 8th Cir. R. 47B.

_____