

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| STATE OF MISSOURI, ex rel. ATTORNEY GENERAL ERIC SCHMITT, | ) ) ) | No. ED108130 |
| Appellant, | ) ) | Appeal from the Circuit Court of the City of St. Louis |
| vs. | ) ) | Honorable Michael F. Stelzer |
| CITY OF ST. LOUIS, | ) ) | |
| Respondent, | ) | FILED: January 4, 2022 |

The attorney general (the "State") appeals from the circuit court's summary judgment declaring that the City of St. Louis had no obligation to make any payments under a settlement agreement in a civil rights lawsuit and that the entire obligation rested with the State through the State Legal Expense Fund ("SLEF"). Because the triggering date for indemnity from SLEF is the date an eligible claim is made—and because the statutes in effect at the time the underlying claim was made prohibited SLEF from paying claims or judgments against police officers—we vacate the judgment and remand to the circuit court for further proceedings consistent with this opinion.

**Factual and Procedural Background**

In 1983, George Allen, Jr. was convicted of capital murder, rape, sodomy and burglary and was sentenced to life without the possibility of parole for 50 years and to three consecutive terms of 15 years in the Department of Corrections. In 2012, a circuit court granted Allen's writ of habeas corpus and vacated his conviction, and the Court of Appeals, Western District, refused to

quash the writ.  *See State ex rel. Koster v. Green*, 388 S.W.3d 603, 604-34 (Mo. App. W.D. 2012).

He was released after three decades of imprisonment.

In August 2014, Allen[1] and his mother filed a federal civil rights lawsuit stemming from his 1983 conviction and imprisonment, which named as defendants the City of St. Louis (the "City"), the members of the St. Louis City Board of Police Commissioners (the "Board"), the former mayor of the City as a member of the Board, the former chief of the St. Louis Metropolitan Police Department ("SLMPD") and several SLMPD officers.  The City was represented by the city counselor's office and tendered representation of the other defendants to the attorney general's office.  In December 2017, the parties settled the federal lawsuit.  The Release and Settlement Agreement ("Allen Settlement") provided for Allen's estate and his mother to be paid a total of $13,825,000.  The payments were to be made in installments and split between the City and the State.

In conjunction with the Allen Settlement, the City and the State entered into a "Side Letter Agreement," which acknowledged their dispute over their respective responsibilities for the payments due under the Allen Settlement.  The Side Letter Agreement provided that the State would "initiate in a Missouri Circuit Court a declaratory judgment action to finally determine who must pay for the [Allen Settlement]."  The State then filed the underlying declaratory judgment action and the City filed a declaratory judgment counterclaim.  The State asserted that "the maximum amount that may be paid out of the [S]LEF toward the Allen Settlement is one million dollars, and that the City of St. Louis is responsible for the entirety of the Allen Settlement beyond the [S]LEF's one million dollar contribution" because Allen's civil rights claim was not filed until after amendments to the SLEF statute that excluded law enforcement from SLEF coverage.  The

---

[1] Allen passed away in 2016, prior to the resolution of the lawsuit, and the personal representative of his estate was substituted as a plaintiff.

2

City contended SLEF was responsible for the entirety of the Allen Settlement or, in the alternative, that the State was obligated to reimburse the City up to one million dollars per fiscal year.

The City and the State filed cross-motions for summary judgment, and the circuit court entered summary judgment in favor of the City in July 2019. In its judgment, the circuit court found that "[t]he claims at issue in this case arose out of a conviction and imprisonment that occurred in 1983, well before the 2005 amendment to the SLEF and well before the transfer [of SLMPD] to local control. Accordingly, the SLEF covers the claims at issue." The circuit court concluded the City had no obligation to make any payments under the Allen Settlement and the entire obligation rested with the State through SLEF. This appeal follows.

## Standard of Review

"A circuit court's grant of summary judgment is subject to *de novo* review on appeal." *Holmes v. Steelman*, 624 S.W.3d 144, 148 (Mo. banc 2021); *see also ITT Com. Fin. Corp. v. Mid.-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 74.04(c)(6).[2] When, as here, "the trial court's decision was based on stipulated facts, the only question for [a reviewing court] is whether the trial court drew the proper legal conclusions from the facts stipulated." *Owners Ins. Co. v. Craig*, 514 S.W.3d 614, 616 n.3 (Mo. banc 2017) (quoting *Johnson v. McDonnell Douglas Corp.*, 745 S.W.2d 661, 662 (Mo. banc 1988)).

## Discussion

Since the creation of SLEF in 1983, its funds have been available "to pay claims or judgments against the state, its agencies, any officer or employee of the state or its agencies, and

---

[2] All rule references are to the Missouri Supreme Court Rules (2018).

certain other designated individuals and entities." *Holmes*, 624 S.W.3d at 149; *see* section 105.711.1[3] (creating SLEF). Until 2005, SLEF included coverage for the Board as an agency of the State and for SLMPD officers as officers of the State. *Holmes*, 624 S.W.3d at 149-50; *see also Smith v. State*, 152 S.W.3d 275, 278-79 (Mo. banc 2005).

In 2005, the General Assembly amended the SLEF statutes to specifically exclude coverage for claims against a board of police commissioners or a police officer. *Holmes*, 624 S.W.3d at 150. Section 105.726.3, RSMo. (Cum. Supp. 2005), provided that "[m]oneys in the state legal expense fund shall not be available for the payment of any claim or any amount required by any final judgment . . . against a board of police commissions . . . including the commissioners, any police officer . . . ." The amended statutes "prohibit[ed] SLEF from paying claims or judgments against police officers if the claims were tendered to the attorney general after August 28, 2005." *Holmes*, 624 S.W.3d at 150 (relying on sections 105.726.3-.5, RSMo. (Cum. Supp. 2005)). Although claims made after that date were no longer eligible for payment from SLEF, such claims can still qualify for representation by the attorney general's office and for reimbursement from SLEF under section 105.726.3, which states, in relevant part:

> Moneys in the state legal expense fund shall not be available for the payment of any claim or any amount required by any final judgment rendered by a court of competent jurisdiction against a board of police commissioners . . . including the commissioners, any police officer, . . . other employees, agents, representative, or any other individual or entity acting or purporting to act on its or their behalf. . . . **Except that the commissioner of administration shall reimburse from the legal expense fund the board of police commissioners** established under section 84.350, **and any successor-in-interest** established pursuant to section 84.344, **for liability claims otherwise eligible for payment under section 105.711 paid by such board up to a maximum of one million dollars per fiscal year.**

(Emphasis added).

---

[3] All statutory references are to the Revised Statutes of Missouri (Cum. Supp. 2013), unless otherwise indicated.

"Section 105.711 set the terms of SLEF coverage, establishing a fund to pay claims and judgments rendered against state agencies, officers, and employees for conduct arising out of and performed in connection with official state duties." *State ex rel. Hawley v. City of St. Louis*, 531 S.W.3d 602, 604-05 (Mo. App. E.D. 2017). From 1861 until September 1, 2013, SLMPD was under state control and was considered a state agency. *Id.* at 604. In November 2012, Missouri voters passed an initiative authorizing a shift from state to local control of SLMPD. *Id.*[4] Under this statutory authorization, the City established its own police force and assumed local control on September 1, 2013, which included the City accepting "the responsibility, ownership, and liability as the successor-in-interest of the Board's contractual obligations, indebtedness, and other lawful obligations." *Id.*

The 2005 SLEF amendments and the 2013 SLMPD transfer to local control resulted in a disagreement between the City and the State over SLEF's obligations for claims against the Board and SLMPD officers. This dispute was recently resolved by the Supreme Court of Missouri in *Holmes*, which was decided after the circuit court entered summary judgment in this case. 624 S.W.3d 144. In *Holmes*, the Court held that eligibility for SLEF coverage is determined by the statutes in effect at the time an eligible claim is made, such as the date of the filing of a lawsuit against police officers, rather than those in effect at the time of the conduct that is the basis for the claim. *Id*. at 155. The parties agree that, under *Holmes*, the circuit court erred in entering summary judgment in favor of the City.

As in the present case, the dispute in *Holmes* centered on the obligations of the State and the City to pay a judgment arising from a vacated conviction and a related federal civil rights lawsuit against the Board, the City and SLMPD officers. *Id.* at 147-48. In 2011, a federal court

[4] This initiative resulted in the enactment of sections 84.344, 84.345.2 and an amendment to section 105.726.3. *See Hawley*, 531 S.W.3d at 605.

5

vacated Holmes's 2003 conviction. *See id.* at 147. The following year, he filed a civil rights lawsuit against the Board, the City's mayor and former SLMPD officers, which resulted in a $2.5 million verdict in Holmes's favor. *Id.* at 147-48. After SLEF denied Holmes payment, he filed a declaratory judgment action seeking to resolve whether the City or the State, through SLEF, was obligated to pay the judgment. *Id.* at 148. The circuit court ultimately entered summary judgment in favor of Holmes, declaring that the State, through SLEF, was obligated to pay the entire judgment. *Id.*

At the time of the conduct underlying Holmes's conviction in 2003, the SLEF statute provided for the payment of claims or judgments against law enforcement officers, and no other section limited that provision. *Id.* at 149; *see* section 105.711.2, RSMo. (2000). But by 2012, when Holmes filed his lawsuit against the Board and the former SLMPD officers, the SLEF statutes prohibited the payment of claims or judgments against law enforcement officers. *See Holmes*, 624 S.W.3d at 150; sections 105.726.3, 105.711. The question before the *Holmes* Court was "when the former officers' rights to payment from SLEF first attached," which determined "which version of the statutes governs Mr. Holmes's demand for payment of his judgment against the former officers." *Holmes*, 624 S.W.3d at 149. Holmes argued the claim arose when the conduct at issue occurred in 2003. *Id*. at 151. The State, however, asserted the claim arose at the earliest when Holmes filed his lawsuit in 2012. *Id*.

The *Holmes* Court agreed with the State, reasoning that "the first act to which section 105.711.2(2) attributes legal significance is the making of a claim, not the conduct underlying the claim," and therefore "the right to SLEF payment does not arise until a claim is made." *Id.* at 152, 153. The Court explained:

> Because the event triggering an officer or employee's right to indemnity is
> the making of a claim or the rendering of a final judgment, the former officers'

entitlement to SLEF indemnity must be resolved through application of the statutes in effect when Mr. Holmes first asserted his claim by suing the officers in December 2012.

*Id.* at 155. Therefore, the *Holmes* Court concluded, "the state of Missouri, through SLEF, [was] not obligated under section 105.711.2(2) to pay Mr. Holmes's judgment against the former officers." *Id.*

Under the construction of sections 105.726 and 105.711 announced in *Holmes*, the triggering date for indemnity from SLEF is the date an eligible claim is made—here, August 12, 2014, the day Allen filed his federal civil rights lawsuit against the Board and the SLMPD officers. *See id.* at 156. The version of section 105.726.3 in effect at that time prohibited SLEF from paying claims or judgments against the Board or SLMPD officers. *See* section 105.726.3. Therefore, the State, through SLEF, is not obligated to make payments as outlined in the Allen Settlement, and the circuit court erred in entering summary judgment in favor of the City.

### Conclusion

For the foregoing reasons, we vacate the judgment and remand to the circuit court for further proceedings consistent with this opinion. All pending motions are denied as moot.

_____
MICHAEL E. GARDNER, Presiding Judge

James M. Dowd, J., concurs.
Lisa P. Page, J., concurs.

7