

# In the Missouri Court of Appeals
## Eastern District
### DIVISION TWO

| | | |
|---|---|---|
| CITY OF ST. LOUIS, | ) | No. ED112349 |
| | ) | |
| Respondent, | ) | |
| | ) | Appeal from the Circuit Court of |
| and | ) | the City of St. Louis |
| | ) | 1922-CC00377 |
| JOSEPH BRAUER AND CHRIS PAPPAS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | |
| | ) | |
| STATE OF MISSOURI, AND ANDREW BAILEY, MISSOURI ATTORNEY GENERAL, | ) | Honorable Michael F. Stelzer |
| | ) | |
| | ) | |
| | ) | |
| Appellants. | ) | Filed: September 3, 2024 |

Before Lisa P. Page, P.J., Kurt S. Odenwald, and Rebeca Navarro-McKelvey, J.

State of Missouri and Attorney General Andrew Bailey (collectively the State) appeal from the trial court's grant of summary judgment in favor of the City of St. Louis (the City) on its petition for declaratory judgment seeking reimbursement from the state legal expense fund (SLEF). We reverse.

## BACKGROUND

The City is seeking SLEF compensation from an incident in October 2012, in which K.R. was arrested by a St. Louis City police officer (Officer). In November 2016, K.R. filed an action asserting civil rights claims against Officer for conduct related to the arrest.

In 1983, the legislature created SLEF to pay claims or judgments against the state, its agencies and employees, as well as other individuals and entities. *State ex rel. Schmitt v. City of St. Louis*, 639 S.W.3d 540, 542 (Mo. App. E.D. 2022) (quoting *Holmes v. Steelman*, 624 S.W.3d 144, 149 (Mo. banc 2021)); *see also* Section 105.711.1 RSMo (2016).[1] In 2005, the Supreme Court interpreted Section 105.711.2(2) RSMo (2000) to provide representation by the attorney general, reimbursement for expenditures in defending lawsuits, and satisfaction of judgments or settlements of actions against members of the St. Louis board of police commissioners (Board) and officers of the St. Louis police department because they were officers of the state for purposes of SLEF. *Smith v. State*, 152 S.W.3d 275, 278 (Mo. banc 2005) (superseded by statute).

In response to the holding in *Smith*, the legislature amended Section 105.726, adding subsection 3, which states in relevant part:

> Moneys in the state legal expense fund shall not be available for the payment of any claim or any amount required by any final judgment rendered by a court of competent jurisdiction against a board of police commissioners … including the commissioners, any police officer … other employees, agents, representative, or any other individual or entity purporting to act on its or their behalf….**Such was the intent of the general assembly in the original enactment of sections 105.711 to 105.726, and it is made express by this section in light of the decision in *Wayman Smith, III, et al. v. State of Missouri*, 152 S.W.3d 275. . . .** (emphasis added).

In November 2012, Missouri voters passed Proposition A, which resulted in the enactment of Sections 84.344, .345, .350, and further amended Section 105.726.3, to provide that upon local control of the City's police force all SLEF liability for St. Louis City police commissioners and officers terminated on September 1, 2013. *State ex rel. Hawley v. City of St. Louis*, 531 S.W.3d 602, 604 (Mo. App. E.D. 2017).

---

[1] All statutory references are to RSMo (2016), unless otherwise indicated.

Here, the arrest which was the basis of the suit and judgment occurred in October 2012, but K.R. did not file suit on her claim until November 2016. A jury found in favor of K.R., awarded $300,000.00 in damages, and the court awarded her an additional $341,546.94 in attorneys' fees and costs for which the City paid a total of $641,546.94 to discharge the judgment, costs, and fees. The City sought SLEF compensation and to date has not been reimbursed.

The City filed a petition against the State, seeking a declaration that it was entitled to reimbursement from SLEF for the $641,546.94 payment to K.R. Both the City and the State filed motions for summary judgment. The trial court granted summary judgment in favor of the City, finding as a matter of law it must be reimbursed by SLEF. This appeal follows.

## DISCUSSION

In its sole point on appeal, the State argues the court erred granting summary judgment in favor of the City because the claim for reimbursement is not authorized by statute.

### *Standard of Review*

Our review of the trial court's decision to grant summary judgment is *de novo*. *State ex rel. Schmitt*, 639 S.W.3d at 542 (citing *Holmes*, 624 S.W.3d at 148); *see also ITT Comm. Fin. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 380 (Mo. banc 1993)). We will affirm the judgment where the moving party is entitled to judgment as a matter of law on the basis of the undisputed facts. *Id.*; Rule 74.04(c)(6).[2]

### *Analysis*

The State's appeal is centered upon its argument that the SLEF statutes do not authorize the City's claim for reimbursement for the judgment against Officer. In response, the City

---

[2] All references to Rules are to Missouri Supreme Court Rules (2022).

3

contends Section 84.345.2 refers to the October 2012 conduct upon which the suit was based that occurred before the date of completion of transfer of power to the City. Thus, the statutes require SLEF to reimburse it for the amount paid to discharge the judgment against Officer in K.R.'s suit. This argument ignores the plain language of the statutes as well as the Supreme Court's interpretation of Sections 84.345, 105.711, and 105.726 in *Holmes*.

In *Holmes*, the Court considered the language in Section 105.711.2(2), which provides that "[m]oneys in the state legal expense fund shall be available for ***the payment of any claim*** . . . upon conduct of such officer or employee arising out of and performed in connection with his or her official duties on behalf of the state." 624 S.W.3d at 151 (emphasis added). Holmes argued the use of the words "upon conduct" indicated the legislature's intent to establish the right to payment from SLEF based on when the underlying conduct occurred. *Id*. The Court disagreed and held under the principles of statutory construction, the act to which Section 105.711 attributes legal significance to is the making of the claim, such as the date the suit is filed, not the conduct underlying the claim. *Id*. at 153.

Similar to the 2005 amendments analyzed in *Holmes*, the plain language of Section 84.345.2 eliminates continued reimbursement for "any claim, lawsuit, or other action" against police officers to those arising out of actions occurring before the date of completion of transfer of power. Applying the construction of Sections 105.726 and 105.711 set forth in *Holmes*, it is clear the 2012 initiative language in Section 84.345.2 was intended to attribute legal significance to the "claim, lawsuit, or other action," by beginning the sentence with these terms and not the underlying conduct. Thus, similar to the reasoning in *Holmes*, SLEF liability does not arise until a claim is made, or in this instance, the filing of the suit. *See Holmes*, 624 S.W.3d at 155.

Here, the event establishing SLEF compensation was the filing of the suit against Officer in November 2016. This was well after the September 1, 2013 completion of transfer to local control and Section 84.345 does not require reimbursement in this case.[3] Pursuant to *Holmes*, and the plain language of Sections 84.345, 105.726, and 105.711, SLEF was not obligated to reimburse the City for its payment of $641,546.94 to discharge the judgment against Officer and the trial court erred in granting summary judgment in favor of the City.

### CONCLUSION

The judgment of the motion court is reversed and remanded for entry of judgment in favor of the State.

_____
Lisa P. Page, Presiding Judge

Kurt S. Odenwald, J., and
Rebeca Navarro-McKelvey, J., concur.

---

[3] The parties do not dispute that upon the September 1, 2013 completion of the transfer of control to the City, SLEF liability to City police commissioners and officers terminated. The parties may disagree regarding SLEF compensation between the 2005 amendments and the date of completion of the transfer of local control; however, that is not an issue presented in this appeal.