# THE STATE v. THOMAS B. BUCKNER, Judge of Circuit Court.

### Division Two, December 31, 1921.

1. **HABEAS CORPUS: Jurisdiction of Judge of Another Circuit.** Under the Constitution and valid statutes enacted in pursuance thereof, the judge of a circuit court has no authority to issue a writ of *habeas corpus* upon the application of a petitioner who has been convicted of crime in the criminal court of a county outside of his territorial jurisdiction and is being held by the sheriff of such other county under a judgment and sentence of such criminal court.

2. ————: ————: **Criminal Court: Absence of Judge from County.** The judge of the Criminal Court of the Fifteenth Judicial Circuit, and the judge of the Circuit Court in said circuit, were by statute, enacted in pursuance of the Constitution, given power to issue writs of *habeas corpus;* and where a defendant had pleaded guilty to a charge of keeping a gambling house, filed in the Criminal Court of Lafayette County, in said Fifteenth Judicial Circuit, had been sentenced to pay a fine and to serve a term in jail, had paid the fine and was paroled as to the jail sentence, and subsequently the judge of said criminal court terminated and ordered the execution of the jail sentence, as was his legal right, a judge of the Circuit Court of Jackson County, in the Sixteenth Judicial Circuit, has no authority to issue a writ of *habeas corpus* on the application of said defendant, based on an allegation that the judge of said Criminal Court of Lafayette County is not at the time within the county.

3. ————: ————: **Territorial Jurisdiction.** The powers of a court must be exercised within its territorial jurisdiction unless positive law enlarges the field of their use; and the statute (Sec. 2436, R. S. 1919) has specifically limited the jurisdiction of circuit judges to the counties constituting their circuits, and said statute is in keeping with the constitutional provisions contemplating territorial limitations upon each circuit judge.

4. ————: **High Prerogative Writ.** The writ of *habeas corpus* is an ancient and high prerogative writ, but it cannot be used by a circuit judge, without regulation, throughout the State, but such an extensive use would lead to its abuse and destroy its efficiency and commendable purpose.

State v. Buckner.

Prohibition.

WRIT GRANTED.

*Frank B. Fulkerson* for plaintiff.

(1) Territorial jurisdiction is lacking. The confinement, by an officer of a prisoner, both officer and prisoner being in a county beyond the limits of Judge Buckner's judicial circuit, bars his right to interfere with a writ of *habeas corpus.* Secs. 22, 23 and 24, Art. 6, Mo. Constitution; Sec. 1877, R. S. 1919. (2) That there are territorial limitations to a circuit judge's power to issue the writ of *habeas corpus,* is shown by the Habeas Corpus Act itself. Sec. 1880, R. S. 1919. (3) A circuit judge's power to issue writs of *habeas corpus* is limited territorially, just the same as his right to grant and terminate paroles is limited. Secs. 4155, 4156, 1877, R. S. 1919. The wording of the above statutes is such that if thereunder a construction can be found to justify defendant in his action in this case, sufficient authority can also be found to authorize him in granting paroles and terminating same in this or any other judicial circuit in the State. The statement of the possibilities of such construction condemns it. (4) No proper notice of the intended application for writ having been given the State, Judge Buckner was without power to issue his pretended writ of *habeas corpus.* Sec. 1944, R. S. 1919; Ex parte Shoffner, 173 Mo. App. 403; Ex parte Gaume, 162 Mo. 390. (5) Judges Rich and Buckner, being judges of equal rank, and presiding over courts of coordinate powers and jurisdiction, in the matter of issuing writs of *habeas corpus,* the latter judge has no power to review the judgment of the former under a writ of *habeas corpus.* Judicial comity would require that Judge Buckner keep his hands off. State ex rel. v. Reynolds, 209 Mo. 182; State ex rel. v. Ware, 129 Mo. 619; State ex rel. Walker v. Murphy, 132 Mo. 382. (6) Application for a writ of

*habeas corpus* is not the proper remedy to prevent the execution of a final judgment. State v. Collins, 225 Mo. 633.

Lyons & Ristine and James L. Roberts for defendant.

(1)   The Circuit Court of Jackson County is a constitutional court of general jurisdiction and is given power to hear and determine writs of *habeas corpus,* both by the Constitution and statutes in such cases made and provided, with but one exception, to-wit: If petitioner is held under criminal process in any county, his application in the first instance shall be to the judge of the circuit court for the county in which the applicant is held in custody, if, at the time such judge be in the county.   In this case the circuit judge, at the time of making application, was outside the county in which applicant was being held.   The Constitution and statutes contain no limitations as to judicial circuits or counties, nor residence of applicant or respondent Sec. 26, Art 3, Mo. Const.; Art. 3, Mo. Const.; Secs. 22, 24 and 29, Art 6, Mo. Const.; Secs. 1876, 1877, 1942 and 1944, R. S. 1919; In re Webers, 275 Mo. 677, 682; In re Clark, 208 Mo. 121, 142; In re Breck, 252 Mo. 302. 320; Ex parte Gaume. 162 Mo. 390; Ex parte Shoffner, 173 Mo. App. 403.   (2)   Each circuit judge is a judicial officer of the State; the circuit is simply the territorial unit of his creation and the territorial unit of all circuit courts is the county.   The circuit courts are constitutional courts and as such have general jurisdiction and may issue process directed to any part of the State. State ex rel. v. Railway, 270 Mo. 251, 257; Railway v. Gildersleeve, 219 Mo. 170, 176; Art. 3, Mo. Const.; Secs. 22, 24, 29, Art. 6, Mo. Const. (3) Every person restrained of his liberty within this State may prosecute a writ of *habeas corpus* by making application by petition to some court of record in term or any judge thereof in vacation, and every writ of *habeas corpus* shall be in the name of the State of Missouri directed to the officer or person by whom the party to be relieved is imprisoned, and if the

officer or person upon whom the writ of *habeas corpus* shall be duly served and shall refuse or neglect to obey the same, the court or officer before whom such writ shall have been returnable shall upon due proof of service thereof, forthwith issue an attachment against the delinquent, directed to the sheriff of any county within this State, demanding him forthwith to apprehend such delinquent, and such delinquent shall be committed to close custody in the jail of the county in which the court or officer shall be, until he complies with such writ, and if the delinquent be a sheriff the attachment may be directed to any coroner or person to be designated therein, and such sheriff may be committed to the jail of any county other than his own pending final judgment upon the writ. Secs. 1876, 1877, 1881, 1885, 1894, 1895, 1896, 1920 and 1925, R. S. 1919. (4) The writ of *habeas corpus* is a special proceeding and the general provisions of the code of civil procedure are not applicable, but the Missouri Constitution, and Chapter 13, Article 6, R. S. 1919, govern in such cases. Sec. 1942, R. S. 1919; State ex rel. v. Locker, 266 Mo. 384, 393; State v. Cook, 201 S. W. 361; Secs. 1177, 1178, 1179, 1180, 1181, 1182 and 1183, R. S. 1919. (5) The Criminal Court of Lafayette County is a court of limited jurisdiction, and the circuit court exercises superintending control over it. Secs. 23 and 31, Art. 6, Mo. Const.; Ex parte O'Brien, 127 Mo. 477. (6) The Sheriff of Lafayette County could not produce, and did not have, a warrant, commitment or other legal process authorizing him to hold the petitioner for writ of *habeas corpus*. Sec. 4060, R. S. 1919; Ex parte Campbell, 197 S. W. 1058. (7) A final judgment may be examined and inquired into under a writ of *habeas corpus*. Ex parte Creasy, 243 Mo. 679, 696; Ex parte Lerner, 218 S. W. 331; Hartman v. Henry, 217 S. W. 987. (8) Jurisdiction over the parties involved in the writ of *habeas corpus* was conferred upon the Circuit Court of Jackson County, by the voluntary appearances therein of said parties for purposes other than raising jurisdictional questions. Orear v. Clough, 52 Mo. 55; Brewery

Co. v. Forgery, 140 Mo. App. 605; Secs. 1226 and 1230, R. S. 1919. (9) Where the prosecuting attorney has actual notice that application for writ will be made the formal notice required by the statute is unnecessary. State ex rel. v. Wurdeman, 254 Mo. 561, 579. (10) On a proper application any court is charged with the duty of issuing a writ of *habeas corpus* and examining into the case sufficiently to determine the merits thereof and its jurisdiction. Ex parte Weber, 197 S. W. 850; Ex parte Nelson, 251 Mo. 63, 157 S. W. 794.

REEVES, C.—Prohibition against Thomas B. Buckner, one of the judges of the Circuit Court of Jackson County, Missouri, to prevent him from interfering by writ of *habeas corpus* with the execution of a sentence of imprisonment against one Walter McFaddin pronounced by the Criminal Court of Lafayette County.

Upon the application of the said McFaddin, defendant Buckner granted a writ of *habeas corpus* commanding the Sheriff of Lafayette County to release on bail said McFaddin, who was then confined in jail.

McFaddin had theretofore pleaded guilty in the Criminal Court of Lafayette County to a charge of keeping a common gambling house, and had received sentence both to pay a fine and to serve a term in jail. He paid the fine and was paroled as to the jail sentence. Subsequently the judge of the criminal court, as was his right, terminated the parole and ordered the execution of the jail sentence. While serving this sentence, application was made for his discharge by writ of *habeas corpus*. It was alleged in the application that Judge Rich, Judge of the Criminal Court of Lafayette County, was not within the county at the time, and upon that ground the application was made to the defendant. Defendant granted the writ, whereupon the Prosecuting Attorney of Lafayette County applied here for a writ of prohibition to restrain the defendant from usurpation of judicial authority. Upon the petition, this court made a preliminary rule or order upon defendant to show

cause, and return was duly made by him, to which plaintiff, through the Prosecuting Attorney of Lafayette County, filed a motion to quash. The case pends on the question as to whether or not the defendant, as one of the judges of the Circuit Court of Jackson County, is clothed with authority to grant a writ of *habeas corpus* to discharge a prisoner held under process of the Criminal Court of Lafayette County.

We judicially notice that Jackson County constitutes the 16th Judicial Circuit of Missouri, that Lafayette and Saline counties constitute the 15th Judicial Circuit of Missouri, and that there is a Criminal Court of the Fifteenth Judicial Circuit. The Criminal Court and Circuit Court of the 15th Judicial Circuit have jurisdiction of civil and criminal matters arising in said circuit. Section 1, Article VI, of the Constitution, provides for the vesting of all judicial power of the State, both as to matters of law and equity, in the various courts of the State, including circuit courts, and Section 22 of the same article defines the jurisdiction of circuit courts to be ''over all criminal cases not otherwise provided for by law; exclusive original jurisdiction in all civil cases not otherwise provided for; and such concurrent jurisdiction with and appellate jurisdiction from inferior tribunals and justices of the peace as is or may be provided by law. It shall hold its terms at such times and places in each county as may be by law directed,'' etc. Section 24 of Article VI of the Constitution provides for the division of the State into convenient circuits of contiguous counties in each of which circuits one circuit judge shall be elected. Section 25 of the same article provides that the judges of the circuit court shall reside in and be conservators of the peace within their respective circuits. The Constitution thus contemplates territorial limitations upon each circuit judge and that the exercise of the functions of the office may be further limited and restricted to certain districts or circuits within the State by the Legislature.

Section 2436, Revised Statutes 1919, specifically

limits the jurisdiction of circuit judges to the counties in which their several courts may be held and "as courts of law . . . shall have power and jurisdiction . . . in all criminal cases which shall not be otherwise provided for by law."

Article 8 of Chapter 21, Revised Statutes 1919, creates the Criminal Court of the Fifteenth Judicial Circuit, and specifically provides that "said court shall have the same jurisdiction as the circuit court now has in criminal cases, . . . and shall have power to issue, hear and determine writs of *habeas corpus*." By this act the Legislature took from the circuit court certain of its jurisdiction, leaving the power to issue writs of *habeas corpus,* and specifically clothing the new court with that power. The Constitution and statutes have created judicatories for the State in such manner as to avoid conflict of jurisdiction, and thereby extend to the citizen of each community the privilege and opportunity of resorting to his judicatory without danger of interference from outside tribunals. It was the plan that each court of coordinate power and equal rank should function independently of another of the same power and rank.

The defendant, as Judge of the Circuit Court of the 16th Circuit, may exercise his constitutional and statutory powers within that circuit, and the Judge of the Criminal Court and Judge of the Circuit Court in the 15th Judicial Circuit may in like manner exercise their constitutional and statutory powers within that circuit.

The writ of *habeas corpus* is a high prerogative writ, but the privileges of the writ are subject to the reasonable regulations of the Legislature so long as its efficiency is not impaired. [Ex parte Gaume, 162 Mo. 390; In re Webers, 275 Mo. 677.]

The Constitution has provided judicatories to which citizens may resort in all cases of wrong and injustice, but to avoid conflict of jurisdiction the Legislature, as it had a right to do, has fixed the territorial jurisdiction within which the functions of a circuit judge may be exercised. In this case the defendant McFaddin had his

remedy within the judicatories of the judicial district in which he resided. The judge of the circuit court of that district had jurisdiction to grant a writ of *habeas corpus* and by statute the judge of the criminal court was given the same power (Sec. 2638, R. S. 1919). The rule is well settled that the inherent, as well as the express, powers of the court must be exercised within the territorial jurisdiction of that court unless positive law enlarges the fields of their use. [St. Louis Ry. Co. v. Wear, 135 Mo. 230, l. c. 259.] It is equally as well settled that the General Assembly may lawfully apportion among the courts, mentioned in the Constitution, the judicial authority vested in them. [State ex rel. v. Nast, 209 Mo. 708, l. c. 720.] In this case the defendant, Buckner, had no jurisdiction to grant a writ of *habeas corpus* directed to the Sheriff of Lafayette County, who was executing a judgment of the criminal court of that county, and in granting such writ he exceeded his judicial authority.

The argument urged here by him that the *habeas corpus* writ is an ancient, as well as a high prerogative writ, and therefore may be used, without regulation, throughout the State, is not sustained by the law, as obviously such contention would lead, if followed, to such an abuse of the writ as to destroy its efficiency and its commendable purpose.

This court should exercise its superintending control over defendant, as one of the Judges of the Circuit Court of Jackson County. Therefore, the preliminary rule heretofore made should be and is made permanent, and the defendant is directed to refrain from the exercise of further judicial authority in said cause. *Railey* and *White, CC.,* concur.

PER CURIAM:—The foregoing opinion of REEVES, C., is hereby adopted as the opinion of the court. All of the judges concur.