Nancy GREENLEE, Appellant,

v.

DUKES PLASTERING SERVICE &
Insurance Company of North
America, Respondent.

No. SC 84024.

Supreme Court of Missouri,
En Banc.

May 28, 2002.

Kenneth A. Leeds, Clayton, for Appellant.

John K. Ottenad, St. Louis, for Respondent.

WILLIAM RAY PRICE, JR., Judge.

Dennis Greenlee received a worker's compensation award for permanent disability from the Labor and Industrial Relations Commission (the "Commission") based on a fall he took while working for Duke's Plastering Service (the "employer") on July 24, 1989. Mr. Greenlee died from a self-inflicted gunshot wound on May 20, 1995. Nancy Greenlee appeals the denial of her motion to modify the Commission's award to include death benefits, arguing that her husband's death was the result of depression caused by his work injuries. Because Dennis Greenlee died more than three hundred weeks after the accident and his death was not the result of an occupational disease, the recovery of death benefits is barred by section 287.020, RSMo 2000. Affirmed.

## I.

While hanging drywall for his employer on July 24, 1989, Dennis Greenlee fell four feet from a scaffold and injured his head and neck. He was diagnosed with a colloid cyst and hydrocephalus, which required surgical intervention. After the accident

and surgery, he developed a seizure disorder and was depressed and filed for benefits under worker's compensation. On January 9, 1996, the Commission issued its opinion finding that the colloid cyst, surgery, and subsequent seizures and problems associated with depression stemmed from Dennis' work related accident. The Commission awarded both permanent total disability and future medical benefits.

While his action for disability benefits was still pending, Dennis Greenlee died from a self-inflicted gunshot wound on May 20, 1995. After the Commission handed down its award, Nancy Greenlee filed a second claim for worker's compensation based on the death of her husband. She claimed that her husband committed suicide as a proximate result of the depression he suffered after his work accident.

The separate claim for death benefits was heard and decided by an administrative law judge. Pursuant to an agreement between the parties, the judge withdrew his award and an application was made to the Commission to review the jurisdiction of the administrative law judge. On January 4, 2000, the Commission ruled that because employee's claim for disability benefits was still pending at the time of his death, any award of death benefits must be made through a modification of the Commission's prior award and not through a separate claim.

Following the Commission's instructions, Nancy Greenlee moved to modify the Commission's final award to include death benefits. On March 28, 2000, the Commission remanded the claim for death benefits to the Division of Worker's Compensation with instructions that the Division should take evidence and develop the record regarding the issues raised in the motion to modify. A hearing was held and the transcript of that hearing was transferred to the Commission. The administrative law judge did not make any findings of fact or conclusions of law and did not issue an award. On April 4, 2001, the Commission issued its order denying the motion for death benefits. This appeal followed.

## II.

■ In reviewing decisions of the Commission, this Court will "modify, reverse, remand or set aside an award only if the Commission acted without or in excess of its powers, the award was procured by fraud, the facts found by the Commission do not support the award, or there was not sufficient competent evidence in the record to warrant the making of the award." *Curry v. Ozarks Electric Corp.*, 39 S.W.3d 494, 495 (Mo. banc 2001); Section 287.495, RSMo 2000.

■ The Commission noted three separate grounds for denying death benefits. The Commission found that Dennis Greenlee's death was a suicide, which bars recovery of worker's compensation benefits under section 287.120.3, RSMo 2000. The Commission also held that Greenlee's death was not "caused" by the employment accident of July 24, 1989, and was not covered by worker's compensation. Finally, the Commission found that Greenlee's death occurred more than three hundred weeks after the accident and was not the result of an occupational disease, thereby barring recovery under section 287.020.4, RSMo 2000. Any of these grounds alone would be sufficient to deny benefits. Because we hold that the claim for death benefits is barred by the three hundred-week requirement found in the definition of the term "death" in section 287.020.4, we do not address the other issues.[1]

1. Nancy Greenlee argues that this case is not properly before this Court because the admin-

## III.

■ Workers' compensation law is entirely a creature of statute, and when interpreting the law the court must ascertain the intent of the legislature by considering the plain and ordinary meaning of the terms and give effect to that intent if possible. *Simpson v. Saunchegrow Constr.*, 965 S.W.2d 899, 903 (Mo.App. 1998). Section 287.020.4 defines the term "death" as applied under the worker's compensation statutes as:

"Death" when mentioned as a basis for the right to compensation means only death resulting from such violence and its resultant effects occurring within three hundred weeks after the accident; except that in cases of occupational disease, the limitation of three hundred weeks shall not be applicable.

It is undisputed that Dennis Greenlee died more than three hundred weeks after the accident at issue occurred. Absent an occupational disease, the plain language of section 287.020.4 would prevent the award of death benefits under worker's compensation based on this accident.

Nancy Greenlee argues that section 287.020.4 should not disqualify her claim for three reasons: 1) because her claim was timely filed under the general statute of limitations for worker's compensation actions, 2) because her husband's death was the result of an occupational disease, and 3) because section 287.020.4 violates her right to equal protection of the law and is therefore unconstitutional.

### a. Applicability of section 287.430

Section 287.430, RSMo 2000, is the general statute of limitations for worker's compensation actions. It provides that:

... no proceedings for compensation under this chapter shall be maintained unless a claim therefor is filed with the division within two years after the date of injury or death, or the last payment made under this chapter on account of the injury or death....

Because her claim for death benefits was filed within two years of both her husband's death and the last payment made by the employer, Nancy Greenlee argues her claim is timely and section 287.430 must trump the three hundred week requirement in section 287.020.4. This argument misinterprets section 287.020.4.

■ Section 287.020.4 establishes and defines the substantive right to collect death benefits under worker's compensation. It is not a statute of limitations. Unlike a statute of limitations, where a legitimate right to recovery is extinguished by a lapse in time, section 287.020.4 does not create any right to collect death benefits under worker's compensation unless the death occurs within three hundred weeks of the accident or the death is the result of an occupational disease. If no cause exists under section 287.020.4, the provisions of section 287.430 are not triggered and they simply do not apply.

### b. Occupational disease

■ Section 287.067, RSMo 2000, defines an "occupational disease" as:

istrative law judge was not permitted, on remand, to make an award or rule on the credibility of the witnesses. Because her claim is barred by the three hundred-week requirement of section 287.020.4, we need not decide this issue. We note, however, that even if the administrative law judge had issued an award in this case, on appeal this Court would only review the eventual findings and decision of the Commission. Section 287.495.1, RSMo 2000 ("Upon appeal no additional evidence shall be heard and, in the absence of fraud, the findings of fact made by the commission within its powers shall be conclusive and binding.") Further, this Court defers to the judgement of the Commission as to the credibility of witnesses. *Johnson v. Denton Constr. Co.*, 911 S.W.2d 286, 288 (Mo. banc 1995).

... an identifiable disease arising with or without human fault out of and in the course of the employment. Ordinary diseases of life to which the general public is exposed outside of the employment shall not be compensable, except where the diseases follow as an incident of an occupational disease....

To support a finding of occupational disease, an employee must provide substantial and competent evidence that they have contracted an occupationally induced disease rather than an ordinary disease of life. *Kelley v. Banta & Stude Constr. Co., Inc.*, 1 S.W.3d 43, 48 (Mo.App.1999). "The inquiry involves two considerations: (1) whether there was an exposure to the disease which was greater than or different from that which affects the public generally, and (2) whether there was a recognizable link between the disease and some distinctive feature of the employee's job which is common to all jobs of that sort." *Id.*

■ Nancy Greenlee argues that the depression suffered by her husband was caused by his work accident on July 24, 1989. She argues that this depression led to his suicide, and therefore it is an "occupational disease" that tolls the three hundred-week requirement of section 287.020.4. Assuming, *arguendo*, that the allegations about Dennis Greenlee's depression are true, it still does not qualify as an occupational disease in this case.

After reviewing the record, we find no evidence that Dennis Greenlee's job of hanging drywall exposed him to a risk of depression that was greater than that of the public generally. Further, there is no evidence of a link between depression and some distinctive feature of hanging drywall

that is common to all jobs of that sort. Although the Worker's Compensation Act is to be liberally interpreted, courts may not read into the statute a provision that all diseases incurred during employment are occupational diseases. *Liebrum*, 419 S.W.2d at 521. The three hundred-week requirement of section 287.020.4 bars recovery of death benefits under worker's compensation in this case.

*c. Constitutionality of section 287.020.4*

■ Nancy Greenlee argues that the three hundred-week mandate of section 287.020.4 is arbitrary and violates equal protection because allowing death benefits after three hundred weeks would not impair the State's objectives or economically burden employers. She does not argue that she is a member of a suspect class or that she holds a fundamental right that is being singled out under the statute; thus her challenge to section 287.020.4 as violative of the Equal Protection clauses of the Missouri[2] and Federal[3] Constitutions must be denied if section 287.020.4 is "rationally related to a legitimate state interest." *Goodrum v. Asplundh Tree Expert Co.*, 824 S.W.2d 6, 10 (Mo. banc 1992); *Blaske v. Smith & Entzeroth, Inc.*, 821 S.W.2d 822, 829 (Mo. banc 1991). When looking for a rational basis, we note that "State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it...." *Mahoney v. Doerhoff Surgical Services, Inc.*, 807 S.W.2d 503, 512 (Mo. banc 1991). "It is not the Court's

---

2. Mo. Const. art. I, sec. 2 provides "that all persons are created equal and are entitled to equal rights and opportunity under the law...."

3. U.S. Const. amend XIV, sec. 1, prohibits the states from denying "to any person within its jurisdiction the equal protection of the laws."

province to question the wisdom, social desirability or economic policy underlying a statute as these are matters for the legislature's determination." *Batek v. University of Missouri,* 920 S.W.2d 895, 899 (Mo. banc 1996).

The legislature had a rational basis for adopting section 287.020.4. Death benefits under worker's compensation are only available if an employee dies from injuries sustained on the job either in an accident or through the contraction of an occupational disease. Where death occurs at or near the time of an accident, the connection between the accident and the death is readily identifiable and competent evidence can be introduced to establish causation. As time passes, however, the connection between a work accident and a subsequent death becomes unclear as other factors can intervene and contribute to an employee's death. *See Callahan v. Cardinal Glennon Hosp.,* 863 S.W.2d 852, 865 (Mo. banc 1993) ("Proximate cause requires something in addition to a 'but for' causation test because the 'but for' causation test serves only to exclude items that are not causal in fact; it will include items that are causal in fact but that would be unreasonable to base liability upon because they are too far removed from the ultimate injury or damage.") The connection between a work accident and death after such a lapse in time could rationally be determined to be too tenuous to allow. Despite any incidental inequality that might result, we cannot say that the three hundred-week requirement is an irrational restriction. The three hundred-week requirement of section 287.020.4 does not violate equal protection.

## IV.

The decision of the Labor and Industrial Relations Commission is affirmed.

LIMBAUGH, C.J., WHITE, WOLFF, BENTON and LAURA DENVIR STITH, JJ., and HARDWICK, Sp. J., concur.

RICHARD B. TEITELMAN, J., not participating.