**Odell BLACKMON, Appellant,**

v.

**MISSOURI BOARD OF PROBATION AND PAROLE, Respondent.**

**No. SC 84287.**

Supreme Court of Missouri,
En Banc.

Jan. 14, 2003.

Rehearing Denied March 4, 2003.

Odell Blackmon, Jefferson City, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, for Respondent.

**PER CURIAM.**

Odell Blackmon is currently serving prison sentences for murder, first degree, and assault with intent to kill with malice for crimes committed in 1977. He filed this action alleging that: (1) his sentence for assault is excessive; (2) the judges of Cole County are predisposed and prejudiced against prisoners; (3) section 506.360, RSMo 2000, is unconstitutional with respect to requiring filing fees in habeas corpus actions; (4) the preliminary hearing on the probation revocation was improperly waived based on "disinformation;" (5) the new regulations granting parole review every five years, instead of every two years under the old regulations, are unconstitutional; (6) other prisoners have received more favorable consideration by the board; and (7) the attorney general's office litigates parole cases in extreme bad faith and uses fraud. As the case involves the validity of a state statute, this Court has jurisdiction. *Mo. Const. article V, section 3.*

The circuit court treated the claims as a petition for writ of habeas corpus and denied relief. There is no appeal from the denial of a petition for a writ of habeas corpus. *E.W. v. K.D.M.,* 490 S.W.2d 64, 67 (Mo. banc 1973). Promptness of adjudication can be best accomplished by the filing of a new petition for writ of habeas corpus rather than taking an ordinary appeal from the judgment of the circuit court. The court of appeals has substantial flexibility in handling the petition for habeas corpus filed therein. *Id.*

The appeal is dismissed.

All concur.