David L. McDERMOTT,
Petitioner/Appellant,

v.

STATE of Missouri, et al.,
Respondents/Respondents.

No. ED 82552.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 28, 2003.

David L. McDermott, Bowling Green, MO, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., John Munson Morris, III, Asst. Atty. Gen.,

262 ■

Jefferson City, MO, Michael J. Spillane, Asst. Atty. Gen., for respondent.

LAWRENCE E. MOONEY, Judge.

David L. McDermott, a prisoner, appeals *pro se* from the St. Louis County Circuit Court's judgment dismissing his action entitled "Petition for Writ of Error by Right with Declaratory Relief and Habeas Relief" for lack of jurisdiction. The appellant also challenges the denial of his "Motion to Reopen, Amend or Modify Judgment and to Amend as a Matter of Course." The circuit court construed the petition as one for habeas corpus, which must be filed in Cole County, where the appellant is incarcerated, and dismissed the petition. Missouri Supreme Court Rule 91.02(a). Further, the court found no basis for granting the appellant's subsequent motion.

■ Shorn of their surplusage, we hold that the appellant's initial and amended claims in the circuit court are primarily a petition for habeas corpus. The State has moved to dismiss this appeal. As to the habeas claims, this Court has no jurisdiction of the appeal because we have no appellate jurisdiction over the denial or dismissal of a petition for habeas corpus. *Blackmon v. Mo. Bd. of Probation & Parole,* 97 S.W.3d 458 (Mo.banc 2003). The State's motion is granted in part. As to the habeas claims, the appeal is dismissed.

■ Arguably, some of the appellant's dense pleadings could be understood to constitute claims against the prison authorities for providing inadequate legal assistance and access to the prison law library. These remaining claims are beyond the scope of habeas corpus. As to these claims, the judgment of dismissal is reversed. We do not reach whether the petition states a well-pleaded

claim for relief. And we recognize that it is doubtful that St. Louis County would be the proper venue for such claims. However, we do not decide these issues because they are not ripe for our review. Since the circuit court dismissed the appellant's remaining claims before the sufficiency of the pleadings or propriety of venue were contested by the parties, we remand these claims to the circuit court for further proceedings.

As to the habeas claims, the appeal is dismissed. As to the remaining claims, the judgment of dismissal is reversed and the claims are remanded to the circuit court for further proceedings.[1]

CLIFFORD H. AHRENS, P.J., and WILLIAM H. CRANDALL, JR., J., concur.

---

1. The appellant's motion to transfer is denied.