Elois SNODGRAS, for Herself and On Behalf of Her Deceased Minor Son, Terry Keown, Appellant,

v.

MARTIN & BAYLEY, INC., d/b/a Huck's Convenience Food Store, Respondent.

No. SC 87841.

Supreme Court of Missouri, En Banc.

Nov. 7, 2006.

James E. Parrot, St. Louis, for Appellant.

Gary E. Wiseman, Thomas J. Noonan, Stephen J. Barber, St. Louis, for Respondent.

James B. Deutsch, Thomas W. Rynard, Jefferson City, for Amicus Curiae Missouri Petroleum Marketers and Convenience Stores Assn.

Harry W. Wellford, Jr., Kimberly A. Yates, Thompson Coburn LLP, St. Louis, for Amicus Curiae Missouri Restaurant Assn.

RICHARD B. TEITELMAN, Judge.

Terry Keown, a minor, purchased alcohol from Martin & Bayley, Inc. (Defendant), d/b/a Huck's Convenience Store. Terry consumed the alcohol and was killed in one vehicle traffic accident. Terry's mother (Plaintiff) filed suit, alleging that Defendant negligently sold liquor to a minor and negligently retained an employee who sold liquor to minors. Plaintiff further alleged that the Missouri Dram Shop Act (Act), section 537.053, RSMo Supp. 2002 [1], violates the open courts and equal protection clauses of the Missouri Constitution insofar as the Act bars a cause of action against commercial sellers of packaged alcohol who sell alcohol to a minor.

Defendant filed a motion to dismiss asserting that Plaintiff's claims were barred by the Act. The circuit court sustained the

---

[1]. All statutory references are to the Revised Statutes of Missouri Cumulative Supplement 2002, unless otherwise indicated.

motion. Plaintiff appeals. The judgment is affirmed.

## ANALYSIS

■ Review of a motion to dismiss for failure to state a claim upon which relief may be granted is exclusively a test of the adequacy of Plaintiff's petition. *Bosch v. St. Louis Healthcare Network*, 41 S.W.3d 462, 464 (Mo. banc 2001). All allegations are assumed to be true, and the petition is reviewed only to determine if the facts alleged satisfy the elements of a recognized cause of action or of a cause of action that might be adopted in the case. *Id.*

### I.   *Section 537.053*

■ Plaintiff asserts that the Act can be construed to permit a cause of action against a commercial seller of packaged liquor who sells to a minor. The plain language of the statute disposes of Plaintiff's argument.

■ Section 537.053.1 provides that dram shop liability is generally prohibited and that Missouri follows the "common law rule that furnishing alcoholic beverages is not the proximate cause of injuries inflicted by intoxicated persons." However, section 537.053.2 provides an exception by allowing a cause of action against "any person licensed to sell intoxicating liquor by the drink for consumption on the premises ... [if] the seller knew or should have known that intoxicating liquor was served to a person under the age of twenty-one or knowingly served intoxicating liquor to a visibly intoxicated person." The Act specifically provides that a cause of action exists only against a person licensed to sell intoxicating liquor by the drink for consumption on the premises. No allowance is made for claims against a seller of packaged liquor, even if the sale is to a minor. This Court follows the intent of the legislature as expressed by the plain language of the statute. *Southwestern Bell Yellow Pages, Inc., v. Director of Revenue*, 94 S.W.3d 388, 390 (Mo. banc 2002). Consequently, the Act bars Plaintiff's claims.

### II.   *Open Courts*

■ Alternatively, Plaintiff argues that the Act violates the open courts clause because it arbitrarily bars minors injured or killed as a result of purchasing packaged liquor from filing suit while permitting other minors to sue if their injuries stem from the purchase of liquor by the drink.

■ Article I, section 14 of the Missouri Constitution provides: "That the courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character, and that right and justice shall be administered without sale, denial or delay." An open courts violation is established upon a showing that: (1) a party has a recognized cause of action; (2) that the cause of action is being restricted; and (3) the restriction is arbitrary or unreasonable. *Kilmer v. Mun*, 17 S.W.3d 545, 549–550.

■ Plaintiff does not argue that the Act restricts access to the courts to pursue a recognized cause of action. Instead, Plaintiff argues that the Act arbitrarily eliminates a cause of action. Whether the Act arbitrarily eliminates a cause of action is not relevant to the open courts analysis. The open courts clause does not curtail the legislature's authority to abolish or modify common law or statutory claims. *Kilmer*, 17 S.W.3d at 550. In this case, the Act does not impose any barriers to pursuing a recognized cause of action, it simply defines the scope of the cause of action. Therefore, the Act does not violate the open courts clause of the Missouri Constitution.

### III.   *Equal Protection*

■ Plaintiff also argues that the Act violates the equal protection clause by

creating an irrational classification limiting claims for minors to whom liquor is illegally sold to claims against a licensed seller of liquor by the drink. Plaintiff does not argue that the Act burdens a suspect class or infringes upon fundamental right. Thus, the equal protection claim will be denied if the Act is rationally related to a legitimate state interest. *Greenlee v. Dukes Plastering Service*, 75 S.W.3d 273, 277 (Mo. banc 2002). The statute is presumed to have a rational basis, and this presumption will only be overcome by a "clear showing of arbitrariness and irrationality." *Fust v. Attorney General for the State of Missouri*, 947 S.W.2d 424, 432 (Mo. banc 1997); quoting *Hodel v. Indiana*, 452 U.S. 314, 331–32, 101 S.Ct. 2376, 69 L.Ed.2d 40 (1981). A statutory classification is upheld if any state of facts reasonably may be conceived to justify it. *Greenlee*, 75 S.W.3d at 277.

There are several rational bases for barring suits against sellers of packaged liquor for consumption off the premises. First, unlike the proprietor of a bar or tavern, the seller of packaged liquor is dealing with a single transaction and has less opportunity to observe customers and make judgments about whether they are intoxicated or of age. At a bar or tavern, patrons consume intoxicants on the premises and in the presence of the vendor or its employees. It is, therefore, not irrational for the legislature to assign additional responsibility to those who sell liquor by the drink for consumption on the premises.

Second, in defining the scope of liability under the Act, the legislature can consider the degree of complexity and certainty in claims against sellers of packaged alcohol relative to sellers of liquor by the drink. As the Supreme Court of Iowa noted, the issues of causation, foreseeability, and breach of duty are more complex and less certain if the liquor is sold by the package for consumption off the premises. *See, Kelly v. Sinclair Oil Corp.*, 476 N.W.2d 341, 347 (Iowa 1991). Sellers of packaged liquor have no control over their patrons once they leave the premises. The legislature could have reasonably concluded that allowing for liability in that context would involve unacceptable amounts of uncertainty given the variety of possible intervening factors between the times of purchase, consumption, and injury.

Finally, civil lawsuits are not the only means of achieving social or economic objectives. The legislature may regulate alcohol consumption through a variety of criminal and civil liabilities and administrative enforcement actions. In Missouri, the legislature has chosen to address the problem of underage drinking by imposing penalties on the underage drinker and not by exposing the sellers of package liquor to civil liability.[2] Although reasonable people

---

2. *See, e.g.:* section 311.310.1 ("Any licensee under this chapter, or his employee, who shall sell, vend, give away or otherwise supply any intoxicating liquor in any quantity whatsoever to any person under the age of twenty-one years, or to any person intoxicated or appearing to be in a state of intoxication, or to a habitual drunkard, and any person whomsoever except his parent or guardian who shall procure for, sell, give away or otherwise supply intoxicating liquor to any person under the age of twenty-one years, or to any intoxicated person or any person appearing to be in a state of intoxication, or to a habitual drunk-

ard, shall be deemed guilty of a misdemeanor ...."); section 311.325 ("Any person under the age of twenty-one years, who purchases or attempts to purchase, or has in his or her possession, any intoxicating liquor as defined in section 311.020 or who is visibly intoxicated as defined in section 577.001, RSMo, or has a detectable blood alcohol content of more than two-hundredths of one percent or more by weight of alcohol" is guilty of a misdemeanor); section 577.500 (driving privileges suspended for any alcohol-related traffic offenses committed by anyone under the age of 21 or for "any person determined to

may disagree about the efficacy of the regulations adopted by the legislature, such disagreement does not establish an equal protection violation. Plaintiff has not overcome the presumption of rationality by a "clear showing of arbitrariness and irrationality." *Fust,* 947 S.W.2d at 432.

The judgment is affirmed.

All concur.

have committed a crime or violation of sec-

tion 311.325, RSMo. . . . ").