Kevin BROMWELL, et al., Appellants,

v.

Jeremiah NIXON, et al., Respondents.

No. SC 91668.

Supreme Court of Missouri,
En Banc.

Feb. 14, 2012.

Kevin Bromwell, pro se.

Rex P. Fennessey, Attorney General's Office, St. Louis, for the State.

ZEL M. FISCHER, Judge.

Kevin Bromwell and some 20 other inmates ("Appellants") of the Jefferson City Correctional Center filed a petition for declaratory judgment and injunctive relief, alleging that the Cole County circuit court's application of the Missouri Prisoner Litigation Reform Act, §§ 506.360 to 506.390,[1] ("MPLRA") to petitions for writs of habeas corpus violates the First, Fifth, and Fourteenth amendments of the United States Constitution and article I, sections 2, 10, 14, and 18(a), of the Missouri Constitution. Appellants then filed a consolidated petition for writs of habeas corpus for all of the party inmates. The Cole County circuit court quashed service of process, dismissed the counts alleged in the consolidated petition for failure to state a claim upon which relief may be granted, and

dismissed the petition for writs of habeas corpus without prejudice to re-filing separately.

The dismissal of a petition for a writ of habeas corpus can only be pursued by petitioning a superior court for such a writ, not by appeal. *Blackmon v. Mo. Bd. of Prob. and Parole,* 97 S.W.3d 458 (Mo. banc 2003). However, article V, section 3, of the Missouri Constitution grants this Court exclusive appellate jurisdiction to hear the appeal claiming that the application of the MPLRA violates the Missouri Constitution. The circuit court's judgment is affirmed.

## Facts

Appellants—inmates of the Jefferson City Correctional Center Kevin Bromwell, Melvin Leroy Tyler, Duc Dong, Mark Clark, Paul Honeycutt, Billy Turner, Jeffrey Scott, Charles Lane, Robert Mountjoy, James Granberry, Steven McMillan, Joseph Lanasa, Melvin Jamerson, Neldon Neal, Willie Simmons, Leon Gunn, Joseph Williams, Ronnell Williams, Roger Merchant, James Bennett, and Russell Clark—collectively filed a petition for declaratory judgment and injunctive relief styled as a class action against Missouri Governor and former Missouri Attorney General Jeremiah Nixon; Attorney General Chris Koster; circuit judges Jon Beetem, Richard Callahan, and Patricia Joyce; and the past and future agents of the state of Missouri.

Appellants allege that the Cole County circuit court's application of the MPLRA to petitions for writ of habeas corpus is unconstitutional. Appellants allege that, under the "Indigency Policy" of the department of corrections, inmates receive limited funds to purchase necessities and pursue challenges to their criminal convic-

---

1. All statutory references are to RSMo 2000 unless otherwise noted.

tions. Further, they allege: (1) inmates are not provided free legal paper, pens, envelopes, legal stamps, copying cards, or carbon paper; (2) the LexisNexis legal search engine available to inmates has been stripped of many legal resources; and (3) recent changes to the department's policies limit access to prison law clerks.

Appellants thereafter petitioned for writs of habeas corpus on September 15, 2009, in a supplemental complaint. Each petition is factually unique and would require separate consideration. The circuit court did not issue writs of habeas corpus, nor did it order the State to file a response to the petitions. On October 8, 2009, the State moved to quash service of process and to dismiss the petition for failure to state a claim for which relief may be granted. In its judgment, the circuit court quashed service of process on the State and dismissed petitions for writs of habeas corpus on the grounds that "[e]ach of the [prisoners] has separate and unique grounds as the basis for their petition for a writ of habeas corpus. There is no interest served by having them joined in a single action." The circuit court therefore dismissed "without prejudice to re-filing, the petitions for writs of habeas corpus currently pending."

Appellants argue that the circuit court was required to issue writs of habeas corpus based on a supplemental complaint filed in the circuit court, § 532.010, and Rule 91.06. Rule 91.06 states:

> Whenever any court of record, or any judge thereof, shall have evidence from any judicial proceedings had before such court or judge that any person is illegally confined or restrained of his liberty within the jurisdiction of such court or judge, it shall be the duty of the court or

judge to issue a writ of habeas corpus for his relief although no application or petition be presented for such writ.

However, the circuit court has the authority to determine whether it is appropriate for there to be "multiple petitioners" in a single habeas corpus action. Rule 91.01(c). The circuit court here stated in its judgment that no interest was served by joining the habeas corpus claims, which are "factually and legally unrelated to the allegations regarding conditions of their confinement and whether the MPLRA filing fee requirements should apply to habeas corpus actions." The circuit court dismissed the petitions without prejudice to re-filing, which allows them to be re-filed separately to give each of them separate consideration. The circuit court did not abuse its discretion in dismissing the consolidated petitions for writs of habeas corpus without prejudice to re-filing. Appellants seek to appeal the circuit court's denial of their petitions for writs of habeas corpus and the circuit court's dismissal of their declaratory judgment petition.

### The Consolidated Petitions for Writ of Habeas Corpus Claims Were Properly Dismissed Without Prejudice and There is No Right to Appeal

█ An appeal does not lie from the denial of a petition for a writ of habeas corpus.[2] *Blackmon v. Mo. Bd. of Prob. and Parole*, 97 S.W.3d 458, 458 (Mo. banc 2003). Nothing foreclosed the individual Appellants from filing a petition of habeas corpus in a higher court in accordance with Rules 91.02, 84.22, and 84.24.

### Standard of Review

█ The remaining issues on appeal involve the circuit court's dismissal of the

**2.** In *Brown v. State*, 66 S.W.3d 721, 732 n. 8 (Mo. banc 2002), this Court held that in rare circumstances, it could treat an appeal from a denial of a petition for a writ of habeas corpus as a petition filed in the appellate court.

Appellants' declaratory judgment petition. This Court reviews the dismissal of the declaratory judgment petition for failure to state a claim *de novo.* *Hess v. Chase Manhattan Bank, USA, N.A.,* 220 S.W.3d 758, 768 (Mo. banc 2007). A motion to dismiss for failure to state a claim on which relief can be granted is solely a test of the adequacy of the petition. *Nazeri v. Missouri Valley College,* 860 S.W.2d 303, 306 (Mo. banc 1993). When considering whether a petition fails to state a claim upon which relief can be granted, this Court must accept all properly pleaded facts as true, giving the pleadings their broadest intendment, and construe all allegations favorably to the pleader. *Id.* The Court does not weigh the factual allegations to determine whether they are credible or persuasive. *Id.* Instead, this Court reviews the petition "to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *State ex rel. Henley v. Bickel,* 285 S.W.3d 327, 329 (Mo. banc 2009).

## Declaratory Judgment Claims Dismissed

Appellants' original petition for declaratory judgment consisted of six constitutional challenges regarding the application of the MPLRA. Under the MPLRA, when an offender seeks leave to proceed *in forma pauperis,* the circuit court is obligated to review the petition to determine whether it fails to state a claim and whether the defendant is immune from the cause of action. The circuit court dismissed the petition both for failure to state a claim against the State officials and because the State officials are immune from suit.

■ Appellants argue that the limited legal resources provided by the department of corrections to inmates are consti-

tutionally insufficient. They also argue that the Cole County circuit court's application of the MPLRA to petitions for writs of habeas corpus violates the First, Fifth, and Fourteenth amendments to the United States Constitution and article I, sections 2, 10, 14, and 18(a), of the Missouri Constitution. Appellants do not explain, below or on appeal to this Court, how article I, sections 2 and 18(a), of the Missouri Constitution or the Fifth Amendment to the United States Constitution have been violated and, therefore, are deemed to have abandoned those claims. *State v. Nunley,* 341 S.W.3d 611, 625 (Mo. banc 2011).

## Insufficient Legal Resources

■ Appellants allege that the department of corrections' legal resources are unconstitutionally insufficient in that they denied inmates access to the courts. Appellants' claim fails as a matter of law because they have not demonstrated "that the alleged shortcomings in the library or legal assistance program hindered [their] efforts to pursue a legal claim." *Lewis v. Casey,* 518 U.S. 343, 346–49, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Appellants contend that the legal resources made available to inmates have been severely limited by the application of the MPLRA, specifically that inmates have had limited access to law clerks, that they must choose between personal necessities and supplies for drafting and filing court petitions, and that the LexisNexis search engine available to inmates had recently been "stripped."

■ "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance is subpar in some theoretical sense." *Casey,* 518 U.S. at 351, 116 S.Ct. 2174. The touchstone of constitutional sufficiency for resources provided to prisoners is "meaningful access to the courts."

*Id.* The Constitution requires that inmates be provided only the tools needed "to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id.* at 355, 116 S.Ct. 2174. Because Appellants have not pleaded that they have been unable to file petitions for writs of habeas corpus due to any or all of the above alleged insufficiencies, they have failed to state a claim on which relief may be granted.

### The "Open Courts" Clause

 Appellants allege that the MPLRA's filing requirements deny them access to the courts because it bases their right to file a cause of action on their ability to pay a filing fee. Article I, section 14, of the Missouri Constitution provides: "That the courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character, and that right and justice shall be administered without sale, denial or delay." Therefore, "those statutes that impose procedural bars to access of the courts are unconstitutional." *Weigand v. Edwards*, 296 S.W.3d 453, 461 (Mo. banc 2009). "An open courts violation is established upon a showing that: (1) a party has a recognized cause of action; (2) that the cause of action is being restricted; and (3) the restriction is arbitrary or unreasonable." *Snodgras v. Martin & Bayley, Inc.*, 204 S.W.3d 638, 640 (Mo. banc 2006) (citing *Kilmer v. Mun*, 17 S.W.3d 545, 549–50 (Mo. banc 2000)).

 Because Appellants have not pleaded that their petitions for writs of habeas corpus have been refused for filing because of an inability to pay a filing fee, they have failed to state a claim upon which relief may be granted. The MPLRA does not require an indigent petitioner to prepay a filing fee to file a habeas corpus petition. The MPLRA does not create a procedural bar to seeking habeas relief because a prisoner is not denied the right to file a cause of action in the circuit court based on his or her inability to pay a filing fee. The MPLRA merely provides a mechanism to collect the fee on a monthly basis in light of the prisoner's monthly account balance. Appellants' petition fails to explain why the MPLRA's requirement that indigent prisoners pay a percentage of their prisoner accounts to satisfy the filing fee is arbitrary or unreasonable. Appellants' brief does not cite any case decision, statute, or constitutional provision that gives inmates the right to file petitions for writs of habeas corpus without paying any fees.

### The Writs of Habeas Corpus

██ Appellants allege that their claims implicate article I, section 12, of the Missouri Constitution, which guarantees, "That the privilege of the writ of habeas corpus shall never be suspended." The scope of that provision was addressed by this Court in *Wiglesworth v. Wyrick* and found to relate "to denial of the substantive right to have judicial inquiry into the cause of and justification for allegedly illegal detention, not to the form and procedure utilized in such proceeding." 531 S.W.2d 713, 717 (Mo. banc 1976); *see also State v. Buckner*, 291 Mo. 320, 234 S.W. 651 (1921) (writ is subject to reasonable regulation by the legislature so long as its efficiency is not impaired). Appellants have not pleaded that they have been denied the substantive right to have a judicial inquiry into the cause of, and justification for, their detention. By admitting the ability to file the petition for writ of habeas corpus but complaining about the requirement to pay a fee, Appellants fail to state a claim upon which relief may be granted.

### Access to the Courts

 Appellants allege that the MPLRA, as applied, denies them access to

the courts as guaranteed by the First Amendment to the United States Constitution. To succeed on an "access to the courts" claim, Appellants must show (1) that they were denied "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts" and (2) that they suffered actual injury. *Casey,* 518 U.S. at 351, 116 S.Ct. 2174 (quoting *Bounds v. Smith,* 430 U.S. 817, 825, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)). Actual injury may be shown where a "nonfrivolous legal claim had been frustrated or was being impeded." *Id.* at 352–53, 116 S.Ct. 2174. Appellants have failed to allege in their petition that any inmate has been unable to file a habeas petition as a result of the MPLRA.

### Substantive Due Process

■■■■■ Appellants allege that the action of State officials violates their right to due process. However, Appellants' petition contains no factual allegations showing how any action by the named State officials violated this right. The Due Process clause of the Fourteenth Amendment prohibits state governments from depriving "any person of life, liberty, or property, without due process of law...." U.S. Const. amend. XIV, § 1. Missouri courts have construed Missouri's due process clause, article I, section 10, to be congruent with the Fourteenth Amendment's guarantees. *See, e.g., Doe v. Phillips,* 194 S.W.3d 833, 841 (Mo. banc 2006). The substantive due process component of the Fourteenth Amendment "protects individual liberty against certain governmental actions regardless of the fairness of the procedures used to implement them." *Flowers v. City of Minneapolis,* 478 F.3d 869, 872 (8th Cir.2007) (quoting *Collins v. City of Harker Heights,* 503 U.S. 115, 125, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992)). To establish a violation of an individual's substantive due process rights, the "plain-

tiff must demonstrate *both* that the official's conduct was conscience-shocking, *and* that the official violated one or more fundamental rights that are deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." *Slusarchuk v. Hoff,* 346 F.3d 1178, 1181–82 (8th Cir. 2003) (emphasis in original) (internal quotations omitted).

■■■ Appellants assert a liberty interest in their right to file petitions for writs of habeas corpus. However, Appellants fail to state a claim upon which relief may be granted based on a violation of that right because they fail to allege an instance when the MPLRA has been applied to deny the right to file a petition for a writ of habeas corpus. This Court concludes that the practice of collecting filing fees on an installment basis is not "conscience-shocking" and does not violate due process.

### Conclusion

The judgment of the circuit court is affirmed.

All concur.