

# In the
# Missouri Court of Appeals
# Western District

| | | |
|---|---|---|
| VANCE R. CLARK, | ) | |
| | ) | |
| Appellant, | ) | WD85478 |
| | ) | |
| v. | ) | OPINION FILED: |
| | ) | December 20, 2022 |
| DORIS FALKENRATH, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
The Honorable Christopher Kirby Limbaugh, Judge

Before Division Three: Karen King Mitchell, Presiding Judge, Cynthia L. Martin, Judge,
Anthony Rex Gabbert, Judge

Vance Clark ("Clark") appeals from the denial of his petition for a writ of habeas corpus filed with the Circuit Court of Cole County, Missouri ("habeas court"). Because Clark cannot appeal from the denial of a petition for a writ of habeas corpus, the appeal is dismissed.

## Factual and Procedural History

On August 16, 2016, a jury found Clark guilty of three counts of distribution of a controlled substance in violation of section 195.211[1] ("Counts I, II, and III"), two counts of possession of a controlled substance in violation of section 195.202 ("Counts IV and V"), and one count of unlawful use of drug paraphernalia in violation of section 195.233 ("Count VI"). On January 13, 2017, the trial court sentenced Clark to thirty years' imprisonment each on Counts I and II, fifteen years' imprisonment each on Counts III, IV, and V, and one year in jail on Count VI. The trial court ordered the sentences for Counts I and II to run consecutive to each other, but concurrent to the remaining sentences, amounting to a total of sixty years in prison. The written judgment pronouncing these sentences was entered on January 27, 2017. On May 30, 2017 an "Amended Judgment" was entered. When compared to the written judgment entered on January 27, 2017, the Amended Judgment sets forth a different defense attorney and contains an additional finding that Clark had been found beyond a reasonable doubt to be a prior and persistent offender pursuant to section 558.016; however, the Amended Judgment did not otherwise amend any of Clark's sentences.

Clark filed a "Petition for a Writ of Habeas Corpus" ("Habeas Petition") on February 28, 2022 which set forth two claims. In his first claim, Clark argued that his sentence is "void" and he must be resentenced because the trial "court lacked jurisdiction to modify [his] sentence [by entering the Amended Judgment on May 30, 2017] after [his sentence]

---

[1]All references are to RSMo 2000 as supplemented through the dates of Clark's offenses (February 2015) unless otherwise indicated.

became final on January 13, 2017." Clark's second claim argued that the trial court imposed a sentence in excess of that authorized by law because he should have been sentenced according to new statutes that were enacted after he committed his offenses but before he was sentenced on January 13, 2017. He claimed that his sentences were in excess of the maximum permitted under the new statutes.

Doris Falkenrath, Warden of Jefferson City Correctional Center ("Respondent"), filed a response to Clark's Habeas Petition on March 14, 2022. On March 28, 2022, Clark filed two additional pleadings: (1) a "Motion for Partial Summary Judgment" which repeated the first claim of his Habeas Petition; and (2) a "Petition for Declaratory Judgment and Injunctive Relief" ("Petition for Declaratory Judgment") which repeated both claims asserted in his Habeas Petition. Respondent filed a response to Clark's Motion for Partial Summary Judgment and also filed a motion to strike Clark's Petition for Declaratory Judgment, arguing that Clark was "not seeking a declaration of his rights. Instead, he challenges the legality of his continued confinement due to--what he hopes is--a voided judgment. His case is properly before [the habeas court] as a petition for a writ of habeas corpus."

On June 14, 2022, the habeas court issued a "Memorandum, Order, and Judgment" ("Judgment") denying Clark's request for habeas relief. The Judgment, in part, stated:

> Before this Court is [Clark's Habeas Petition] and various auxiliary motions deriving therefrom, [Respondent's] response to the [Habeas Petition], Clark's reply, all attachments to those documents and all other documents filed in this matter. After reviewing Clark's claims and the evidence presented, the [Habeas Petition] is DENIED. All other pending matters in this case are hereby DISMISSED, DENIED, or otherwise RENDERED MOOT.

3

Clark appeals.

## Analysis

Clark raises three points on appeal. In his first point on appeal, Clark asserts that the habeas court erred in issuing its Judgment denying his Habeas Petition because the trial court lacked jurisdiction to enter its Amended Judgment. Clark's second point on appeal claims that the habeas court erred when it denied his Petition for Declaratory Judgment for a myriad of reasons, including that it adequately stated a claim upon which relief may be granted, and the habeas court misquoted Missouri law and improperly adopted Respondent's proposed judgment without permitting Clark to respond to Respondent's evidence and argument. Clark's third point on appeal claims that the habeas court erred in denying his Motion for Partial Summary Judgment concerning his first habeas claim because Respondent "did not plead any affirmative defenses and failed to convtrovert any of the material facts upon which Clark grounded his motion for partial summary judgment."

"There is no appeal from the denial of a petition for a writ of habeas corpus." *Hill v. Cassady*, 571 S.W.3d 154, 158 n. 1 (Mo. App. W.D. 2019) (quoting *Blackmon v. Mo. Bd. of Prob. & Parole*, 97 S.W.3d 458, 458 (Mo. banc 2003)). "Instead, '[t]he dismissal of a petition for a writ of habeas corpus can only be pursued by petitioning a superior court for such a writ, not by appeal.'" *Id.* (quoting *Bromwell v. Nixon*, 361 S.W.3d 393, 396 (Mo. banc 2012)) (citing *Ferguson v. Dormire*, 413 S.W.3d 40, 50-51 (Mo. App. W.D. 2013)).

Clark's first point on appeal plainly challenges the denial of his Habeas Petition and is not cognizable on direct appeal.

4

Although Clark terms his second and third points on appeal as errors in the denial of his Petition for Declaratory Judgment and Motion for Partial Summary Judgment, respectively, we disagree with his characterization of the habeas court's actions. Clark's pleading entitled "Petition for Declaratory Judgment and Injunctive Relief" was not a new lawsuit and simply repeated the claims in Clark's Habeas Petition. The same can be said for Clark's Motion for Summary Judgment, which simply repeated the first claim in the Habeas Petition. The Judgment's denial of all pending motions as moot is thus consistent with the Judgment's denial of Clark's Habeas Petition on its merits. Notwithstanding the manner in which they are framed, Clarks second and third points on appeal do no more than challenge the habeas court's denial of his Habeas Petition.[2] *Hill*, 571 S.W.3d at 158 n. 1; *see e.g. Blackmon*, 97 S.W.3d at 458 ("The circuit court treated the claims as a petition for writ of habeas corpus and denied relief. There is no appeal from the denial of a petition for a writ of habeas corpus." (citation omitted).

Because an appeal does not lie from the denial of a petition for a writ of habeas corpus, Clark's appeal is dismissed.

**Conclusion**

Clark's appeal is dismissed.

_____
Cynthia L. Martin, Judge

All concur

---

[2]In any event, Clark would not have been able to appeal the purported denial of his motion for summary judgment, particularly a partial motion for summary judgment. *See Malin v. Mo. Assoc. of Cmty. Task Forces*, 605 S.W.3d 419, 424 n.6 ("In general, the denial of a motion for summary judgment is not a final judgment and cannot be reviewed on appeal." (citation omitted)).